■ In the Matter of RONALD STARMER, Respondent, v WHITNEY POINT CENTRAL SCHOOL DISTRICT et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Kuhnen, J.), entered December 10, 1982 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, for reinstatement as a teacher with all lost remuneration and economic benefits. Petitioner, a tenured English teacher, was discharged by respondent Whitney Point Central School District for failing to complete six credit hours of course work in the area of diagnostic and/or remedial reading, a contractual condition of his employment. On June 30, 1982, petitioner's teachers' association filed a grievance on his behalf. On August 31, 1982, petitioner commenced the instant CPLR article 78 proceeding, alleging that he could not be terminated without a hearing pursuant to section 3020-a of the Education Law and seeking reinstatement and back pay. Special Term granted his petition holding, *inter alia,* that the collective bargaining agreement between respondent school district and its employee teachers did not waive petitioner's rights under section 3020-a. Respondent appealed. Subsequently, however, the parties reached a settlement allowing

petitioner to resume his teaching position. Since it is undisputed that the determination of this appeal will have no effect on petitioner's rights as a tenured teacher employed by respondents, the appeal should be dismissed as moot (*Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 713). Furthermore, this case is "not of the class that should be preserved as an exception to the mootness doctrine" (*id.,* at p 715), since there is no showing that if this issue were to arise again between other parties it could not be resolved through the regular appellate process in a CPLR article 78 proceeding or possibly in a declaratory judgment action under CPLR 3001. This is not the type of issue which typically evades review (*id.*); rather, the settlement between the parties, a resolution entirely of their own making, has mooted it. Appeal dismissed, as moot, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.