OPINION OF THE COURT
 

 Chief Judge Cooke.
 

 Section 297 (subd 3, par c) of the Executive Law, provides that the State Division of Human Rights (Division) may dismiss a complaint for administrative convenience in its “unreviewable discretion.” This statute, however, does not serve to entirely divest respondent State Human Rights Appeal Board (Appeal Board) of jurisdiction to review such a decision. Rather, the Appeal Board is empowered to review the dismissal to determine whether it contravenes any statute, constitutional right or the Division’s own regulations and is, therefore “purely arbitrary.” In the instant matter, the Division’s decision was not purely arbitrary and thus, respondent exceeded its powers by reinstating the complaints.
 

 Six of petitioner’s employees were discharged in March 1974. Five months later, they filed complaints with the Division, alleging that they were discharged because of their age, in violation of section 296 of the Executive Law. On May 30, 1975, the United States Secretary of Labor
 
 *546
 
 (Secretary) commenced a Federal action under the Age Discrimination in Employment Act of 1967 (ADEA) (US Code, tit 29, § 621
 
 et seq.),
 
 alleging that petitioner had discriminated on the basis of age against employees between the ages of 40 and 65 who were terminated between July 1, 1970 and May 30,1975. This group included all six individuals who had filed complaints with the Division.
 

 Petitioner moved to dismiss the State complaints on the ground that the State proceedings before the Division were “superseded” by the Federal action (US Code, tit 29, § 633, subd [a]). On August 25, 1975, the Division granted the motion to the extent of staying its own proceedings during the pendency of the Federal action. In August 1978, the Federal action was dismissed pursuant to a stipulation which provided that petitioner would pay the Secretary $900,000 to be distributed among the affected employees. The settlement, however, expressly provided that petitioner was not admitting any liability. The Secretary made an administrative determination, which the State complainants had no opportunity to contest, that only those workers born prior to 1914 were discriminated against on the basis of age. Accordingly, only one of the six State complainants received any proceeds from the $900,000 settlement.
 

 In February 1979, the Division vacated its stay. However, in May 1980, on petitioner’s motion for reconsideration of said vacatur and for dismissal of the agency proceedings, the Division dismissed the complaints on the ground of administrative convenience (see Executive Law, § 297, subd 3, par c; 9 NYCRR 465.5 [d]). In taking this action, the Division noted the onerous burden on each side of resuming a prolonged hearing with voluminous records, after witnesses had dispersed and memories had likely faded. The Division credited the administrative determination by the Secretary and determined that the substantial interests of the complainants and New York State had been adequately served by the disposition of the Federal action.
 

 An administrative appeal was taken. Respondent Appeal Board reversed the Division’s order and remanded the proceeding for a public hearing on the ground that the
 
 *547
 
 dismissal denied complainants due process by preventing them from pursuing “state remedies under the Human Rights Law.” Respondent found that the Division erred in dismissing the complaints because the complainants were not bound by disposition of the Federal action. The Appellate Division confirmed the order of the Appeal Board, without opinion.
 

 On this appeal, petitioner contends that respondent was without jurisdiction to review an order of the Division which dismissed a complaint for administrative convenience because, under the Human Rights Law and the Division’s rules, a dismissal on this ground is an act of “unreviewable discretion” (see Executive Law, § 297, subd 3, par c; 9 NYCRR 465.5 [d] [1]). Respondent maintains that the statute authorizing the Division to make nonreviewable determinations does not deprive the Appeal Board of jurisdiction to determine whether the Division’s decision violated a party’s constitutional rights, was in excess of statutory authority, or was based upon an erroneous view of applicable law. This court now reverses.
 

 Although, on its face, section 297 (subd 3, par c) of the Executive Law divests respondent of jurisdiction to review a dismissal for administrative convenience, analysis of the over-all statutory scheme indicates that a limited power of review is available. Under the Human Rights Law, respondent is authorized to hear appeals by any party “from all orders of the [Division]” (Executive Law, § 297-a, subd 6, par c), and to reverse, remand or affirm “any order” of the Division, within the confines of the limited scope of its review powers (see Executive Law, § 297-a, subd 7, pars a-e). However, respondent’s rules exclude from its review of all “orders of the commissioner”, those orders for dismissal on the ground of administrative convenience (see 9 NYCRR 550.3 [i]).
 

 Despite this disavowal in its rules, respondent has the limited power to review such a dismissal to determine if it is purely arbitrary (cf.
 
 Matter of Baer v Nyquist,
 
 34 NY2d 291, 298). A dismissal is purely arbitrary if it contravenes statutes, constitutional provisions, or countenances their contravention
 
 (id.;
 
 see
 
 Johnson v Robison,
 
 415 US 361, 366-374), or violates the agency’s own regulations (see
 
 *548
 

 Matter of Rankin v Lavine,
 
 41 NY2d 911, 912;
 
 Matter of Reyes v Dumpson,
 
 40 NY2d 725, 729). As this court held in
 
 Matter of Baer v Nyquist
 
 (34 NY2d 291,
 
 supra),
 
 when construing a tenure statute that purportedly made the Commissioner of Education’s decisions, “ ‘final and conclusive, and not subject to * * * review in any place or court’ ”, if such statutes are interpreted to preclude any review whatsoever, “they are grants of power, almost arbitrary and unlimited”, which the law does not permit
 
 (id.,
 
 at p 298). Some standards to guide such broad discretion are necessary if the statute is to be valid (see
 
 id.).
 
 Respondent, however, may not substitute its own judgment for that of the Division (see
 
 State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.,
 
 48 NY2d 276, 283-284;
 
 State Div. of Human Rights v Columbia Univ.,
 
 39 NY2d 612, 616, cert den
 
 sub nom. Gilinsky v Columbia Univ.,
 
 429 US 1096;
 
 Matter of CBS, Inc. v State Human Rights Appeal Bd.,
 
 76 AD2d 813, 814, affd 54 NY2d 921).
 

 In this case, the propriety of the Division’s decision under its regulations or any statute has not been challenged. Moreover, complainants’ rights to due process were not violated by the Division’s dismissal of their claims prior to a full evidentiary hearing on the merits. The Human Rights Law provision that bases employer liability upon a finding of discrimination creates a constitutionally protected property interest (see
 
 Logan v Zimmerman Brush Co.,
 
 455 US 422, 428-433). Consequently, a claim under this statute may not be finally dismissed consistent with due process unless an opportunity is granted for a hearing appropriate to the nature of the case
 
 (id.,
 
 at p 437).
 

 Here, the Division’s dismissal for administrative convenience did not finally deprive complainants of their interests under the Human Rights Law. Generally, the remedies of administrative review through the Human Rights Division or judicial review are mutually exclusive (see Executive Law, § 297, subd 9; see, also,
 
 Emil v Dewey,
 
 49 NY2d 968, 969). An exception is provided when a complaint is dismissed for administrative convenience: a suit may be brought as if a complaint had never been filed (Executive Law, § 297, subd 9; see
 
 Low v Gibbs & Hill,
 
 92 AD2d 467, 468). Thus, complainants here could maintain
 
 *549
 
 the same type of action under the Human Rights Law in State court and receive a hearing on the merits in satisfaction of due process (see
 
 Logan v Zimmerman Brush Co.,
 
 455 US 422, 437,
 
 supra).
 

 *
 

 Respondent maintains that the dismissal was nevertheless final because, due to a stay of the agency proceedings, the Statute of Limitations for any State court action had expired prior to the dismissal. Respondent argues that complainants’ inability to obtain a hearing on the merits, through no fault of their own, violates due process. This is unpersuasive. After the dismissals, complainants could have filed suit in State court by availing themselves of the tolling provision for the Statute of Limitations under CPLR 204. Subdivision 9 of section 297 of the Executive Law provides a stay by prohibiting the commencement of suit when a complaint has been filed with the Division. Thus, upon the filing of such a complaint and during its pendency, the Statute of Limitations is tolled until the administrative proceeding is terminated (cf.
 
 Serravillo v New York City Tr. Auth.,
 
 51 AD2d 1027, affd 42 NY2d 918;
 
 Ellis Hosp. v Symonds,
 
 96 Misc 2d 643).
 

 Inasmuch as the dismissal was not purely arbitrary, the respondent’s reversal of the dismissal exceeded the scope of its review powers by substituting its judgment for that of the Division (see
 
 State Div. of Human Rights v Columbia Univ.,
 
 39 NY2d 612, 616,
 
 supra.).
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the order of the State Division of Human Rights dismissing the consolidated complaints reinstated.
 

 Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 Order reversed, etc.
 

 *
 

 In
 
 Logan,
 
 the automatic dismissal of a complaint based upon the failure of the Illinois Human Rights Commission to schedule a fact-finding hearing within 120 days of the filing of the complaint, was found to violate due process because the dismissal finally deprived Logan of his property interest without affording him an opportunity to present his case
 
 (Logan v Zimmerman Brush Co.,
 
 455 US 422, 433-434). While Logan could have sought relief in State court by an independent tort action, that could not have provided him with the same remedies
 
 (id.,
 
 at pp 436-437), nor could he obtain judicial review of the commissioner’s action
 
 {id.).