■ In the Matter of MARINE MIDLAND BANK, N. A., Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Appellants.—Order unanimously reversed on the law, without costs, and petition denied. Memorandum: Respondent Hartwell P. Morse (Morse) filed a complaint with respondent New York State Division of Human Rights (SDHR) alleging that his employer, petitioner Marine Midland Bank (the Bank), had discriminated against him based on his age. The Bank's answer to Morse's complaint asserted that it was untimely. Without litigating that issue, and apparently upon the request of Morse, SDHR dismissed Morse's complaint for administrative convenience, on the ground that it was untimely. SDHR concedes that its action was intended to give Morse a forum in which to litigate his claim under the Human Rights Law. The Bank petitioned Supreme Court pursuant to Executive Law § 298 for modification of SDHR's determination, to eliminate the reference to administrative convenience and to recite that Morse's complaint was dismissed solely based on untimeliness, on the grounds that SDHR's action was arbitrary, capricious, in excess of its authority, and an abuse of discretion. Supreme Court granted the relief sought by the Bank. We reverse. The scope of judicial review of a decision by SDHR to dismiss for administrative convenience is limited to whether the determination was purely arbitrary, i.e., whether it contravened statutes or constitutional provisions, countenanced their contravention, or violated SDHR's own regulations (*Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd.*, 61 NY2d 542). We find that, contrary to the Bank's assertions, neither Executive Law § 297 (9) nor the applicable SDHR regulations (9 NYCRR 465.5 [d]) was violated, and thus, Supreme Court exceeded the permissible scope of its review in granting the petition. (Appeal from order of Supreme Court, Erie County, Wolfgang, J.—Executive Law § 298.) Present—Dillon, P. J., Doerr, Green, Pine and Balio, JJ.