■ LOREN B. MILLER, Respondent, v INTERNATIONAL TELEPHONE AND TELEGRAPH CORPORATION, Appellant.—In an action, inter alia, to recover damages for an unlawful discriminatory practice pursuant to Executive Law § 296, the defendant appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated November 18, 1988, which denied its motion to dismiss the complaint as time barred.

Ordered that the order is affirmed, with costs.

On or about January 25, 1980, the plaintiff filed a complaint with the New York State Division of Human Rights (hereinafter SDHR) alleging that his employer, the defendant, had terminated his employment solely on the basis of his age. Approximately one year thereafter he filed a complaint in the United States District Court for the Eastern District of New York claiming a violation of the Age Discrimination in Employment Act (29 USC § 621 et seq.), which was subsequently dismissed as time barred. In October 1985 the District Court order dismissing the complaint as time barred was affirmed, the United States Court of Appeals for the Second Circuit finding that the plaintiff's cause of action had accrued on August 28, 1978, when he was notified that his employment would be terminated, rather than on April 1, 1979, the effec-

tive date of the plaintiff's removal from the payroll *(Miller v International Tel. & Tel. Corp.,* 755 F2d 20). Certiorari was denied by the United States Supreme Court (474 US 851).

During the pendency of the Federal litigation, the proceeding before the SDHR had been stayed. In a determination dated April 11, 1986, the SDHR dismissed the plaintiff's complaint "on the grounds of administrative convenience". The determination makes clear that although the SDHR agreed with the conclusion of the Federal courts that the plaintiff's claim was time barred, its dismissal was not premised on that ground so as to permit the plaintiff to pursue a remedy in the State courts. Thus, in October 1987 the plaintiff commenced the instant action to recover damages under Executive Law § 296 based upon age discrimination. Shortly thereafter the defendant employer moved to dismiss the action as barred by the Statute of Limitations. The Supreme Court denied the motion on the ground that the applicable three-year Statute of Limitations *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 307) had been tolled during the pendency of the proceeding before the SDHR. In view of the fact that the total elapsed time between the date of claim accrual and the date of claim interposition was only 2 years and 11 months after the period of the toll is deducted, the action was timely commenced. The defendant appeals, and we affirm.

As a general rule the filing of a complaint with the SDHR precludes the commencement of an action in court based upon the same allegedly discriminatory act or acts (Executive Law § 297 [9]; *Matter of James v Coughlin,* 124 AD2d 728). An exception arises, however, when the proceeding before the SDHR is dismissed on the ground of administrative convenience. Under such circumstances the aggrieved party "maintain[s] all rights to bring suit as if no complaint had been filed" (Executive Law § 297 [9]). As a consequence, it has been held that "[s]ubdivision 9 of section 297 of the Executive Law provides a stay by prohibiting the commencement of suit when a complaint has been filed with the Division. Thus, upon the filing of such a complaint and during its pendency, the Statute of Limitations is tolled until the administrative proceeding is terminated (cf. *Serravillo v New York City Tr. Auth.,* 51 AD2d 1027, affd 42 NY2d 918; *Ellis Hosp. v Symonds,* 96 Misc 2d 643)" *(Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd.,* 61 NY2d 542, 549). It is the defendant's contention that the SDHR lacked the authority to dismiss the complaint for administrative

convenience when it was clearly untimely. Assuming, arguendo, that the defendant may collaterally attack the SDHR's determination, we find that, contrary to the defendant's contentions, the dismissal was not beyond the scope of the SDHR's authority, and decline to disturb it *(see, Matter of Marine Midland Bank v New York State Div. of Human Rights,* 144 AD2d 924).

We have considered the parties' remaining contentions and find them to be without merit. Mollen, P. J., Brown, Lawrence and Spatt, JJ., concur.