■ EASTMAN CHEMICAL PRODUCTS, INC., Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.— Order and judgment (one paper) of the Supreme Court, New York County (Bruce McM. Wright, J.), entered on or about January 14, 1990, which denied petitioner's application and dismissed the petition to review and annul five specified determinations of respondent New York State Division of Human Rights (DHR), unanimously affirmed, without costs.

The individual respondents filed separate complaints with the Equal Employment Opportunity Commission (EEOC) charging petitioner, their former employer, with age discrimination, in violation of the Federal Age Discrimination in Employment Act (29 USC § 621 *et seq.* [ADEA]) and the New York State Human Rights Law (Executive Law § 290 *et seq.* [HRL]). Because New York State has a law prohibiting age discrimination, EEOC referred copies of the complaints to

DHR (29 USC § 633 [b]). No investigation was ever commenced by DHR.

Complainants thereafter commenced an action in Federal District Court alleging age discrimination, in violation of both ADEA and HRL. Petitioner thereafter moved for partial summary judgment to dismiss the pendent HRL claims in Federal court on the grounds that the filing of the claims with the State was an election of a State administrative remedy (Executive Law § 297 [9]). Complainants thereupon requested that DHR dismiss the complaints for administrative convenience, as processing the complaints would not advance the State's human rights goals since the matters were being litigated in Federal court (Executive Law § 297 [3] [c]; 9 NYCRR 465.5 [d] [2] [v]; Administrative Code of City of New York tit 8).

Petitioner then commenced this action pursuant to Executive Law § 298, to annul the DHR administrative dismissals and remand the claims to DHR on the grounds that their issuance for the purpose of allowing the State claims to be pursued in Federal court constituted an abuse of discretion and was purely arbitrary. The Supreme Court denied the petition, holding that DHR did not act purely arbitrarily in dismissing the appeals. We agree.

An administrative convenience dismissal may be reviewed by a court to determine if such action is "purely arbitrary", if such action "contravenes statutes, constitutional provisions, or countenances their contravention * * * or violates the agency's own regulations" *(Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd.,* 61 NY2d 542, 547). Federal law requires that in order to bring a Federal court action under ADEA (29 USC § 623 [a] [1]; § 626 [b]), the aggrieved party must first file a charge with EEOC (29 USC § 626 [d]). Further, in States such as New York, which have laws prohibiting age discrimination in employment and authorizing a State agency to redress such discrimination, a complaint must also be filed with the State agency (29 USC § 633 [b]; *see, Mayer & Co. v Evans,* 441 US 750, 753). Thus, contrary to petitioner's contentions, in dismissing the complaints for administrative convenience, DHR was effectuating the parties' election of remedies (Executive Law § 297 [9]; *see, Scott v Carter-Wallace, Inc.,* 147 AD2d 33, 38). Further, the dismissal was in conformance with regulations, as retaining the complaints by DHR would not advance the State's human rights goals, especially since it would compel the use of scarce State resources where the complainants had the desire and re-

sources to bring the complaints in Federal court (9 NYCRR 465.5 [d] [2] [v]).

Contrary to petitioner's contentions, DHR has the authority to dismiss for administrative convenience not only where a complainant objects to a proposed conciliation agreement, but also where, as here, noticing a complaint for hearing would be otherwise undesirable (Executive Law § 297 [3] [c]). Concur— Kupferman, J. P., Sullivan, Asch, Wallach and Smith, JJ.