OPINION OF THE COURT
Stanley L. Sklar, J.
This petition is brought by New York Telephone Company pursuant to Executive Law § 298 as an appeal from the determination of the respondent, New York State Division of Human Rights (the Division), dismissing the complaint filed by respondent Mary A. Boston alleging discriminatory practices on the part of the petitioner.
Ms. Boston, a New York Telephone Company employee and a black woman, filed her complaint with the Division on June 29, 1989. In it she claimed that she had been systematically overlooked for promotion over a period of several years and had failed to receive extra merit salary awards due to her race. The complaint filed with the Division charged New York Telephone with violations of the Human Rights Law and title VII of the Civil Rights Act of 1964 (42 USC § 2000e et seqj, and was endorsed by Ms. Boston so as to authorize the Division to accept the complaint on behalf of the United States Equal Employment Opportunity Commission (EEOC). Less than two weeks later on July 10, 1989 she filed a complaint dated July 6, 1989 commencing an action against her employer in the United States District Court for the Southern District of New York, asserting violations of Executive Law § 296 and of 42 USC § 1981 based on the same set of circumstances. Ms. Boston’s counsel did not then assert in the Federal action that New York Telephone had violated title VII because, before such a claim may be asserted in Federal court, such charge must first be filed with EEOC (see, 42 USC § 2000e-5 [f] [1]). Thereafter, complainant must obtain a right-to-sue letter from EEOC as a prerequisite to the Federal action. (42 USC § 2000e-5 [f] [1].) Moreover, title VII provides that where there are State or local agencies which can grant relief against employment discrimination, no complaint can be filed with EEOC until 60 days after proceedings have been started under State or local law, unless those proceedings are ended earlier. (42 USC § 2000e-5 [c].) This provision has been *767 held not to bar the filing of a complaint with EEOC before the filing of a complaint with the State or local agency since, if an aggrieved party files the complaint with EEOC without having first filed a complaint with the State or local agency, the EEOC will refer the charge to the State or local agency and hold its own complaint in abeyance for 60 days. (See, Scott v Carter-Wallace, Inc., 147 AD2d 33, 34 [1st Dept 1989].)
Ms. Boston attempted to file a complaint with EEOC on September 27, 1989 but was subsequently informed that her complaint had previously been "dual-filed” with both the Division and the EEOC as of the date of filing with the Division, as she had requested in her complaint filed with the Division. Once Ms. Boston was confident that EEOC had her complaint, she requested in a letter dated October 5,1989 that the Division dismiss her complaint for “administrative convenience” in order to permit her to pursue all her Federal and State claims against New York Telephone in Federal court. As of that time (and continuing until now), no substantive investigation had been conducted by the Division. The ability to pursue all claims in Federal court "is of crucial significance to an aggrieved person since only equitable remedies are available under title VII whereas damages, and the consequent right to a jury trial, are available under the Human Rights Law” (147 AD2d, at 36, supra).
New York Telephone, in a series of letters to the Division, vehemently opposed dismissal of Ms. Boston’s complaint on administrative convenience grounds. The Division issued a determination on March 14, 1990* dismissing the complaint pursuant to Executive Law (Human Rights Law) § 297 (3). The Division found that "noticing the complaint for hearing would be undesirable” because "[processing the complaint will not advance the State’s human rights goals in as much as the matter is presently being litigated in Federal Court in which forum all issues concerning the question of Race discrimination can be resolved.”
Executive Law § 297 (9) permits any person aggrieved by unlawful discriminatory practices under Executive Law § 296 to sue: "in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint hereunder or with any local *768 commission on human rights, or with the superintendent pursuant to the provisions of section two hundred ninety-six>a of this chapter, provided that, where the division has dismissed such complaint on the grounds of administrative convenience, such person shall maintain all rights to bring suit as if no complaint had been filed.”
The Division is empowered to dismiss a complaint on the ground of administrative convenience if in its "unreviewable discretion” it determines that noticing of the complaint would be "undesirable”. (Executive Law § 297 [3] [c].) Under the Division’s rules of practice, a dismissal for administrative convenience is proper where "processing the complaint will not advance the State’s human rights goals” (9 NYCRR 465.5 [d] [2] [v]), or where "the complainant has initiated or wants to initiate an administrative agency proceeding or court action based on the same grievance” (9 NYCRR 465.5 [d] [2]] [vi], eff Oct. 11, 1989).
New York Telephone opposes the dismissal on the ground that Ms. Boston made an election to pursue her State Human Rights Law claims in the Division and should not be permitted to circumvent her choice of forum by requesting that the Division dismiss her claims as an administrative convenience. Petitioner contends that the dismissal was improper because it was not initiated by the Division in order to facilitate its own convenience but by Ms. Boston, for reasons of her own. Petitioner claims that allowing Ms. Boston to pursue her State claims as pendent to her Federal statutory claims adds significantly to its burden and expense in defending against the Federal suit.
While Executive Law §297 (3) (c) speaks of the Division’s "unreviewable discretion” in dismissing complaints, relief from the Division’s determinations may be had where the dismissal contravenes any statute, constitutional right or the Division’s own regulations and is, therefore, purely arbitrary. (Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd., 61 NY2d 542.)
The type of situation presented here has been addressed by our courts previously. In National Broadcasting Co. v State Div. of Human Rights (Sup Ct, NY County, Mar. 7, 1988, Wright, J., affd without opn sub nom. National Broadcasting Co. v Tong, 144 AD2d 1046), Justice Wright reviewed the dismissal of the petitioner’s Human Rights Law complaint by the Division on "administrative convenience” grounds and *769 found that the dismissal was arbitrary where the petitioner had requested the withdrawal of her complaint so that she could bring a suit against her employer. Justice Wright concluded that the dismissal was not properly made to foster the Division’s "administrative convenience”, but only to accommodate the petitioner in her effort to nullify her prior election to prove her claims on the agency level. Figuring prominently in Justice Wright’s determination was the fact that the Division conducted an investigation and scheduled a confrontation session and that Tong, the complainant, requested that her complaint be dismissed for administrative convenience only after it became clear that her employer was not willing to settle the matter. Justice Wright concluded that dismissal was sought by Tong’s counsel as an "afterthought and a ploy” because of a legal assessment that an action at law might be more productive than an administrative proceeding.
On the other hand is the recent case of Eastman Chem. Prods. v New York State Div. of Human Rights (Sup Ct, NY County 1989, Wright, J., ajfd 162 AD2d 157 [1st Dept]), in which the dismissal of the petitioners’ age discrimination complaints by the Division for administrative convenience based on the pendency of a Federal action was upheld. The petitioners in Eastman (supra) had also filed their complaints with the Division prior to commencing the Federal lawsuits which incorporated pendent State claims, and had thereafter specifically requested dismissal of their Division complaints on administrative convenience grounds. Justice Wright distinguished the circumstances from those in National Broadcasting (supra) by finding that the Eastman petitioners had always intended to pursue their State and Federal age discrimination claims in Federal court and had only filed with the Division to satisfy the requirements of Federal law. Before a complaint may be brought in Federal court under the Age Discrimination in Employment Act (ADEA) (29 USC § 623 [a] [1]; § 626), the claimants must first file complaints with the Secretary of Labor and the appropriate State agency, in this instance the Division (see, 29 USC § 626 [d]; § 633 [b]). This scheme parallels the requirements of title VII of the Civil Rights Act of 1964 (42 USC § 2000e-5 [c], [f] [1]; (see, Mayer & Co. v Evans, 441 US 750), under which Ms. Boston brought her Federal court suit.
Justice Wright determined that since the petitioners were required to file with the Division in order to bring their Federal court action, and had simultaneously filed a complaint *770 with the EEOC, they had expressly elected to pursue their State law remedies in Federal court rather than before the State agency. Justice Wright felt that the application of Executive Law § 297 (9) to allow a dismissal of the complaint on grounds of administrative convenience was not arbitrary and, in fact, had served to effectuate the purpose of the election of remedies provision. With this the Appellate Division, First Department, specifically agreed. (See, Eastman Chem. Prods. v New York State Div. of Human Rights, 162 AD2d 157 [1st Dept], supra.)
The present matter is closer to Eastman (supra) than to National Broadcasting (supra). Ms. Boston’s intention to pursue both her State and Federal claims in Federal court is evident from the course of her actions, from the filing of her Division claim which specifically referred to her title VII claim, to the commencement of her Federal action within two weeks thereafter, to her request only a few months later for a dismissal upon receiving notification by EEOC that it had accepted her complaint. Filing a complaint with the Division and with the EEOC was required under Federal law before Boston could sue under title VII. Unlike the petitioner in National Broadcasting, Ms. Boston pursued her Federal remedy from the beginning and it cannot be said that the idea of bringing the Federal and State claims in Federal court was "an afterthought, a post litem motam ploy.” (See, National Broadcasting Co. v State Div. of Human Rights, supra.) In addition, the Division rules have been amended since National Broadcasting to specifically permit, as noted above, administrative convenience dismissals where "the complainant has initiated or wants to initiate * * * [a] court action based on the same grievance”. (9 NYCRR 465.5 [d] [2] [vi].)
Under these circumstances, the Division properly chose to dismiss the complaint so that the entire matter could be addressed in the Federal action. (Eastman Chem. Prods, v New York State Div. of Human Rights, supra.) As the Appellate Division noted, in affirming Eastman, the dismissal of the complaint for administrative convenience effectuated the parties’ election of remedies, especially since retention of the complaint by the Division "would compel the use of scarce State resources where the complainants had the desire and resources to bring the complaints in Federal court” (Eastman Chem. Prods. v New York State Div. of Human Rights, 162 AD2d 157, 158-159, supra).
There is nothing in the case of Marine Midland Bank v *771 New York State Div. of Human Rights (75 NY2d 240) which contradicts this result. In Marine Midland (supra), the Division attempted to dismiss a complaint that was time barred in terms of the administrative proceeding but which would not have been time barred as a court action, on grounds of administrative convenience in order to let the action proceed in State court. The court found that the dismissal improperly-utilized the mechanism of administrative convenience, as no administrative convenience was served by the dismissal since the proceeding before the Division was time barred. No such circumstances are present here where the dismissal would serve the Division’s convenience by conserving its scarce resources.
One final point remains. Subsequent to the service of the instant petition New York Telephone served a "Request for Admissions of Fact” upon the Division requesting it to admit that it had not dismissed any complaints for administrative convenience within the last two years "primarily because there was an action pending in federal court where all of the claims of discrimination could be resolved,” except where first requested by the complainant. New York Telephone argues that the request is proper under CPLR 408 and 3123, while the Division challenges the petitioner’s right to serve the request under CPLR 3102 (f). Petitioner seeks to hold the determination of their petition in abeyance pending receipt of such admission, evidently so that it could thereafter assert that the admission establishes some arbitrary and capricious activity by the Division in the manner in which it granted this administrative convenience dismissal. Petitioner’s request for such admissions of fact is denied. First, the notice to admit is improper since this device "may not be utilized to request admission of material issues or ultimate or conclusory facts” (Taylor v Blair, 116 AD2d 204, 206 [1st Dept 1986]). Here, petitioner’s request regarding complaints dismissed "primarily because there was an action pending in federal court” (emphasis added) does not seek admissions as to " 'clear-cut’ matters of fact” (116 AD2d, at 206, supra), but rather, seeks conclusions about material issues. Second, it is clear that the Division’s rules specifically allow dismissal on administrative convenience grounds where the complainant wants to initiate a court action. Third, the case law, as reflected in Eastman (supra), where the dismissal took place before the enactment of 9 NYCRR 465.5 (d) (2) (vi), specifically permitted such dismissal for administrative convenience at the request of a *772 complainant, pursuant to 9 NYCRR 465.5 (d) (2) (v), under facts similar to the ones presented here.
Accordingly, petitioner’s request for admissions of fact is denied and the petition is dismissed.

 At about the same time, Ms. Boston amended the complaint in her Federal action to assert a claim under title VII, evidently because she had received a right-to-sue letter from the EEOC.