In the Matter of ARCATA GRAPHICS COMPANY et al., Appellants, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Judgment unanimously affirmed with costs. Memorandum: Petitioners appeal from a judgment that dismissed their CPLR article 78 petition seeking to annul a determination of respondent State Division of Human Rights dismissing the Human Rights complaint of respondent Ross for "administrative convenience". In challenging the Division's determination, petitioners contend that it violates Executive Law § 297 and 9 NYCRR 465.5 and that it is arbitrary and capricious and an abuse of discretion.

We conclude that the Division's determination was neither illegal nor an abuse of discretion. The statute, rather than prohibiting an administrative convenience dismissal, expressly authorizes it (see, Executive Law § 297 [3] [c]; [9]). Thus, our inquiry is limited to whether the administrative convenience dismissal was "purely arbitrary" (*Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd.,* 61 NY2d 542, 547). As has been noted by the courts, an administrative convenience dismissal is not arbitrary when it advances the Division's interest in conserving its scarce re-

sources and in alleviating its overwhelming caseload in circumstances, such as those present in this case, in which the complainant has the resources to file a complaint in Federal court *(Columbian Rope Co. v New York State Div. of Human Rights,* 174 AD2d 1033; *Eastman Chem. Prods. v New York State Div. of Human Rights,* 162 AD2d 157, 158-159; *New York Tel. Co. v New York State Div. of Human Rights,* 148 Misc 2d 765, 770; *see,* Executive Law § 297 [3] [c]; 9 NYCRR 465.5 [d]).* Because the Division's determination accords with the statute and regulations and is not "purely arbitrary", it must be upheld. (Appeal from Judgment of Supreme Court, Erie County, Rath, J.—Executive Law § 298.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.