■ MITSUBISHI BANK, LTD., Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Judgment (denominated order), Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered September 7, 1990, which denied and dismissed the CPLR article 78 proceeding seeking to annul two determinations of respondent, New York State Division of Human Rights (DHR), unanimously affirmed, without costs.

Respondents Poggi and Krlic filed separate complaints with the Equal Employment Opportunity Commission (EEOC), charging petitioner with sex, race, color and national origin discrimination. Both complaints were referred to DHR, pursuant to 29 USC § 633 (b). The individual complainants commenced a putative class action in the United States District

Court for the Eastern District of New York pursuant to title VII of the Civil Rights Act of 1964 (42 USC § 1981). This Federal action was commenced subsequent to Poggi's filing with the EEOC, but before Krlic had filed her discrimination complaint. Thereafter, upon the request of complainants, DHR dismissed the complaints for administrative convenience on the ground that processing the complaints would not advance the human rights goals of the DHR insofar as the matters were being litigated in Federal Court, a forum in which all the issues could be resolved. (Executive Law § 297 [3] [c].)

Petitioner has failed to demonstrate that DHR's administrative convenience dismissals were "purely arbitrary", such that its action " 'contravenes statutes, constitutional provisions, or countenances their contravention * * * or violates the agency's own regulations' ". (*Eastman Chem. Prods. v New York State Div. of Human Rights,* 162 AD2d 157, 158, quoting *Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd.,* 61 NY2d 542, 547.) These dismissals, essentially served to effectuate the parties' election of remedies. *(Supra,* at 158.)

Petitioner's reliance upon *Marine Midland Bank v New York State Div. of Human Rights* (75 NY2d 240, *rearg denied* 75 NY2d 947) is misplaced. The administrative convenience dismissal of the complaint there was based on the fact that although the complaint was time-barred under the Human Rights Law's one year statute of limitations (Executive Law § 297 [5]) there was an alternative judicial forum with a greater period of limitations, access to which, the agency did not wish to foreclose. As noted, *supra,* the dismissals herein contravened no statute. Concur—Sullivan, J. P., Milonas, Kupferman, Asch and Kassal, JJ.