Inez TILLMAN, Plaintiffs,

v.

**NEW YORK STATE DEPARTMENT OF MENTAL HEALTH, Rockland Children's Psychiatric Center, Dr. Safa Sarobeyouglu, Executive Director, New York State Department of Audit and Control, New York State Department of Civil Service, Defendants.**

No. 86 Civ. 5874(JES).

United States District Court,
S.D. New York.

Nov. 9, 1991.

Loren Baily, New York City, for plaintiff.

Robert Abrams, Atty. Gen. of State of N.Y., New York City (Lisa M. Evans, John J. Sullivan, Asst. Attys. Gen., of counsel), for defendants.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

■ Plaintiff brings this action for declaratory, injunctive and monetary relief for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et*

*seq.,* of 42 U.S.C. § 1981 [1] and of New York Executive Law § 296 (McKinney 1982).[2] Defendants move to dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[3] For the reasons that follow, the defendants' motion is granted.

## FACTS

The following statement of facts is based upon the allegations set forth in plaintiff's complaint, which for purposes of this motion, are assumed to be true.

Plaintiff, a black female, was hired as a Provisional Psychologist I at defendant Rockland Children's Psychiatric Center ("RCPC") on May 28, 1981. *See* Complaint at ¶ 12. Plaintiff was advised to and did apply for the Civil Service tests for the Psychologist I and II classifications by June 8, 1981 so that she could be on both eligibility lists. *Id.* at ¶ 15. According to the complaint, RCPC had an opening for a Psychologist II position in December 1981, or January 1982. *Id.* at ¶ 16. Plaintiff possessed the necessary qualifications for an opening in the Psychologist II position but was consistently denied the position without explanation. *Id.* at ¶ 14, 16. The position remained vacant for a period of a few months, and then a white male was placed in the position temporarily with another white male permanently being placed in the position in July 1982. *Id.* at ¶ 17, 18.

Subsequently, in October 1982, plaintiff was appointed to a permanent Psychologist I position and was placed on probationary status for a one-year period. *Id.* at ¶ 22; *See* N.Y.Civ.Serv.Law § 63 (McKinney 1983). On October 3, 1983, just prior to the end of her probationary period, plaintiff was terminated from her position. Complaint at ¶ 23. On October 6, 1983, plaintiff instituted proceedings before the New York State Division of Human Rights ("SDHR") by filing a verified complaint charging defendants with employment discrimination. *See* Plaintiff's Declaration in Opposition to Defendants' Motion for Judgment on the Pleadings ("Plaintiff's Decl.") at ¶ 4. On March 15, 1985, the SDHR determined that there was probable cause to believe that defendants had engaged in the discriminatory practice charged, and by letter dated April 30, 1986, the United States Equal Employment Opportunity Commission (the "EEOC") issued a Notice of Right to Sue. *Id.* at ¶ 5–6.

Plaintiff filed the complaint in the instant action on July 29, 1986. However, defendants were not served until March and April of 1987.[4] Defendants, in their answer, raised as the tenth affirmative defenses that "[t]he complaint was served in excess of 120 days beyond the date of filing of the complaint, and is therefore dismissible pursuant to F.R.C.P. Rule 4(j)." *See* Answer at 9. On September 30, 1988, defendants submitted a Pre–Trial Order which set forth seven issues of law, none of which was the Rule 4(j) issue. Plain-

---

**1.** Pursuant to a stipulation entered into between the parties and so ordered by this Court on April 12, 1990, all claims for relief pursuant to § 1981 have been withdrawn with prejudice.

**2.** In an order dated June 30, 1986, the administrative law judge who presided over plaintiff's New York Executive Law § 296 claim before the SDHR found that plaintiff had withdrawn her complaint. *See* Notice of Recommended Findings of Fact, Decision and Order, Attached to Letter, dated October 29, 1991, from Lisa M. Evans, Assistant Attorney General. Consequently, plaintiff is barred from asserting that claim in this action by New York Executive Law § 297, which precludes an action for damages based upon the same incidents complained of in a prior proceeding before the SDHR, unless that complaint was dismissed by the SDHR for administrative convenience. N.Y.Exec.Law § 297, subd. 9 (McKinney 1982). *See Pan American*

*World Airways v. New York State Human Rights Appeal Bd.,* 61 N.Y.2d 542, 463 N.E.2d 597, 475 N.Y.S.2d 256 (1984).

**3.** This motion was made on behalf of all defendants except Dr. Safa Sarobeyouglu, who defendants' assert, has not yet been served and is no longer the Executive Director at Rockland Children's Psychiatric Center. *See* Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings ("Defs. Memo") at n. 1.

**4.** The New York State Department of Audit and Control was not served until March 16, 1987, 230 days after the complaint was filed; RCPC and the Department of Mental Health were not served until March 17, 1987, 231 days after the complaint was filed; and the New York State Department of Civil Service was not served until April 1, 1987, 246 days after the complaint was filed. *See* Defs. Memo at 5–6.

tiff's Decl. at ¶ 23. However, that Pre-Trial Order was not accepted by this Court because it failed to comply with the Court's rule requiring the filing of a joint Pre-Trial Order. On May 8, 1990, defendants moved to dismiss the complaint on the ground, *inter alia*, that the complaint was served more than 120 days after it was filed.[5]

## DISCUSSION

Since Rule 4(j) is aimed at ensuring diligent prosecution of civil cases, unless a plaintiff can show "good cause" or "excusable neglect" for untimely service, the complaint must be dismissed. *See Zankel v. United States*, 921 F.2d 432, 436 (2d Cir.1990); *Yosef v. Passamaquoddy Tribe*, 876 F.2d 283, 287 (2d Cir.1989), *cert. denied*, ── U.S. ──, 110 S.Ct. 1474, 108 L.Ed.2d 611 (1990). However, a defense based upon untimely service of process may still be waived, even though it is initially asserted in the answer. *See Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1303 (2d Cir.), *cert. denied*, ── U.S. ──, 111 S.Ct. 149, 112 L.Ed.2d 116 (1990); *Burton v. Northern Dutchess Hosp.*, 106 F.R.D. 477 (S.D.N.Y.1985); *Vozeh v. Good Samaritan Hosp.*, 84 F.R.D. 143, 144 (S.D.N.Y.1979).

Plaintiff, while conceding the untimeliness of service, argues that defendants have waived their Rule 4(j) objection by failing to raise it at a Pre-Motion Conference, in their initial motion to dismiss, or in their Pre-Trial Order.[6] Defendants contend that there was no waiver and that even if there were a waiver, they should be relieved from that waiver because plaintiff has not in any way been prejudiced by

defendants conduct. The Court agrees for the following reasons.

First, plaintiff received notice of defendants' claim that service was untimely when it was specifically raised in the answer. *Compare Zankel*, 921 F.2d at 437 (fact that the government did not disclose the specific character of plaintiff's defective service until fourteen months after the suit was commenced weighs against dismissal). Second, the defect could not have been cured, *see e.g.*, *Santos v. State Farm Fire & Casualty Co.*, 902 F.2d 1092, 1096 (2d Cir.1990), because the 120 day time period had already expired before service was even attempted. Thus, as plaintiff conceded at Oral Argument, if defendants had moved to dismiss earlier on that ground the Court would have been constrained to grant that motion. Finally, plaintiff did not file her complaint until one day before the statute of limitations on the Title VII claim had expired.[7] Thus, even if defendants had moved to dismiss immediately, a motion which, as noted above, the Court would have been required to grant, any new complaint that plaintiff could have filed would have been time barred. *See Frasca v. United States*, 921 F.2d 450 (2d Cir.1990); *Burks v. Griffith*, 100 F.R.D. 491 (N.D.N.Y.1984).

Since plaintiff could in no way have been prejudiced by defendants' delay in making the instant motion, the Court will grant defendants' application to be relieved of any waiver, assuming arguendo, that one has occurred. It follows that the motion to dismiss must be granted unless plaintiff can demonstrate good cause or

---

5. At Oral Argument on January 4, 1991, this Court denied defendants' motion to dismiss insofar as it was based upon a statute of limitations defense and a defense that the complaint was procedurally barred because it was based upon claims not asserted in the administrative proceeding. The parties were then directed to file supplemental memoranda on the issue of whether the Rule 4(j) defense had been waived.

6. The parties have drastically different explanations as to why this 4(j) issue is only now being formally raised. Defendants contend that the issue was orally raised at a Pre-Trial Conference and that defendants accepted the Court's suggestion that their motion not be filed until

after the Joint Pre-Trial Order was filed. Plaintiff contends that defendants deliberately cancelled a Pre-Motion Conference at which the issue was to be discussed and this misled plaintiff into believing that defendants were not going to pursue this issue. Plaintiff contends further that defendants compounded that deception by failing to include that issue in their initial motion to dismiss or in their Pre-Trial Order.

7. Plaintiff had ninety days from the issuance of the right to sue letter on April 30, 1986 to file suit. *See* 42 U.S.C. § 2000e–5 (1988). The complaint was not filed until July 29, 1986.

844

excusable neglect for the untimely service. However, plaintiff conceded at Oral Argument that the only explanation for the untimely service is the inadvertence or mistake of plaintiff's former counsel. This explanation does not constitute a good cause justifying a failure to comply with Rule 4(j). *See McGregor v. United States,* 933 F.2d 156, 160 (2d Cir.1991); *Zankel,* 921 F.2d at 437.

## CONCLUSION

Accordingly, defendants' motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is granted. The Clerk of the Court is directed to close the above-captioned action.

It is SO ORDERED.