■ In the Matter of AMR SERVICES CORPORATION, Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent, and ROBERT H. HIGH, Appellant. [625 NYS2d 583] —In a proceeding pursuant to CPLR article 78 and Executive Law § 298, inter alia, to annul a determination of the New York State Division of Human Rights dated February 24, 1992, which dismissed the complaint of Robert H. High, at the request of his attorney, on the ground of administrative convenience, Robert H. High appeals from an order of the Supreme Court, Queens County (Rutledge, J.), dated June 9, 1992, which granted the petition of AMR Services Corporation and the cross motion of the New York State Division of Human Rights to the extent that his complaint was remitted to the New York State Division of Human Rights for further investigation pursuant to Executive Law § 297, and denied the appellant's motion to dismiss the petition.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with one bill of costs.

Robert H. High filed a complaint with the New York State Division of Human Rights (hereinafter the SDHR) alleging that AMR Services Corporation (hereinafter AMR) discharged him from employment because of discrimination based on age, color, race, and retaliation. High then sought to have the SDHR dismiss his complaint based on administrative convenience (hereinafter ACD), in order that he could file a lawsuit in Federal court. The SDHR, in accordance with its policy of permitting complainants to have their complaints dismissed in

order for the complainants to pursue Federal causes of action in Federal court, granted High an ACD. However, High proceeded in Federal court only under State, and not Federal, causes of action. Thereafter, AMR commenced this proceeding to set aside the ACD. The SDHR, realizing that High had not pursued Federal causes of action in Federal court, cross-moved to have the matter remitted to it. The Supreme Court granted the petition and the cross motion to the extent of remitting the complaint to the SDHR for further investigation pursuant to Executive Law § 297. We affirm.

A decision by an administrative agency to grant an ACD is subject to judicial review only to the extent that the court may determine if the dismissal was "purely arbitrary". A dismissal is purely arbitrary if it contravenes a statute, constitutional provision, or administrative regulation, or countenances the contravention of a statute, constitutional provision, or administrative regulation (see, e.g., Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd., 61 NY2d 542, 547-548; see also, Marine Midland Bank v New York State Div. of Human Rights, 75 NY2d 240, 246).

The determination by the SDHR to grant an ACD was purely arbitrary under the circumstances. The court's review of the matter was therefore proper. The SDHR granted the ACD pursuant to Executive Law § 297 (9) so that the appellant could litigate his claims of discrimination in Federal court. However, nowhere in the appellant's Federal court complaint did he allege any claims of discrimination under Federal law. Instead, the complaint merely asserted the same State-law-only grievances set forth in his original complaint filed with the SDHR. Since the Federal court thus lacks jurisdiction to hear the appellant's claims, the SDHR failed in its intent to effectuate the election-of-remedies provision of Executive Law § 297 (7) by granting the ACD to the appellant. Thompson, J. P., Santucci, Joy and Friedmann, JJ., concur.