■ WEGMANS FOOD MARKETS, INC., et al., Respondents, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Appellant, et al., Respondent. [664 NYS2d 685] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Rose, J.), entered April 4, 1997 in Broome County, which granted petitioners' application, in a proceeding pursuant to Executive Law § 298, to annul a determination of respondent State Division of Human Rights dismissing respondent Therone Williams' discrimination complaint for administrative convenience.

In September 1995, respondent Therone Williams, an African-American, filed a complaint with respondent State Division of Human Rights (hereinafter SDHR) alleging that he had been discharged from his employment with petitioner Wegmans Food Markets, Inc. because of discrimination based on race and physical disability. Pursuant to Williams' November 1996 request, SDHR dismissed the complaint for administrative convenience on the ground that Williams had commenced an action in Federal court based upon the same allegations charged in the administrative complaint. Petitioners then commenced this action pursuant to Executive Law § 298 to annul the administrative dismissal and remand the claims to SDHR. Supreme Court granted the petition, holding that the dismissal was purely arbitrary in that it contravened the election of remedies provisions of Executive Law § 297 (9) and thereby violated SDHR's regulations. This appeal by SDHR ensued.

Inasmuch as the parties have executed a stipulation of settlement completely resolving the underlying dispute, we find that this appeal is now moot (see, Marine Midland Bank v Cohen, 125 AD2d 827; Matter of Starmer v Whitney Point Cent. School Dist., 96 AD2d 640). Furthermore, contrary to SDHR's contention, this case does not involve issues that warrant preserving it as an exception to the mootness doctrine (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707).

In any event, were we to address the merits, we would find that the administrative convenience dismissal was purely arbitrary (see, Marine Midland Bank v New York State Div. of Human Rights, 75 NY2d 240). There is nothing in the record to suggest that Williams intended to pursue his Federal remedy prior to filing his administrative complaint, or that he filed

such complaint as a prerequisite to commencing the Federal action (*cf., Eastman Chem. Prods. v New York State Div. of Human Rights*, 162 AD2d 157, 158). Moreover, the fact that over a year elapsed between the filing of the administrative complaint and the commencement of the Federal action indicates that Williams initially intended to elect an administrative remedy. Thus, in dismissing the complaint for administrative convenience SDHR was not effectuating Williams' election of remedies to proceed in an administrative forum (*see, Mitsubishi Bank v New York State Div. of Human Rights*, 176 AD2d 689, 690). The dismissal therefore contravened the provisions of Executive Law § 297 (9) and SDHR's regulations (*see,* 9 NYCRR 465.5 [e] [2]) and was purely arbitrary.

White, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.