*563 Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered October 24, 2013, which, in this CPLR article 78 proceeding, denied the petition to annul and vacate the determination of respondent New York State Division of Human Rights (DHR), dated July 14, 2003, dismissing a housing discrimination complaint brought against petitioner East River Housing Corporation (East River), on the ground of administrative convenience, unanimously reversed, on the law, without costs, the petition granted, and respondent’s determination dismissing the complaint on the ground of administrative convenience annulled.
DHR’s dismissal of a housing discrimination complaint brought by a tenant against East River, on the ground of administrative convenience, was “purely arbitrary” and issued in contravention of the agency’s own rules (see 9 NYCRR 465.5 [e]; Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd., 61 NY2d 542, 547 [1984]; Eastman Chem. Prods. v New York State Div. of Human Rights, 162 AD2d 157, 158 [1st Dept 1990]). This determination was made after DHR completed its investigation of the complaint, made factual findings, and dismissed the complaint upon a finding that there was no probable cause to believe that East River had engaged in the complained of discriminatory conduct. DHR’s stated grounds for the administrative convenience dismissal (ACD), to wit, (1) that noticing the complaint for a hearing would be undesirable, (2) that the interests of justice would be served by allowing the U.S. Department of Housing and Urban Development (HUD) to reactivate its complaint concerning the same grievance and continue the investigation, and (3) that processing the complaint would not advance the State’s human rights goals, cannot be rationally applied to the instant circumstances.
In the absence of any basis upon which to notice a hearing (see Executive Law § 297 [4] [a]), the stated undesirability of noticing such a hearing cannot serve as a basis for an ACD. Rather than serving the “interests of justice,” allowing the ACD to stand would result in a duplicative proceeding, in another forum, involving claims that have been investigated and determined by DHR (compare Acosta v Loews Corp., 276 AD2d 214 [1st Dept 2000]). DHR’s conclusory claim that the State’s human interest goals would not be advanced by processing the complaint does not square with the fact that there was nothing left to process and DHR’s earlier acceptance of the complaint from HUD.
*564 DHR also maintains that the availability of another forum for the complainant to pursue her grievances served as an additional basis for the ACD. However, there is no indication that the complainant, who continued to pursue her complaint by seeking review by DHR’s General Counsel, sought to pursue her claims in another forum and, in any event, doing so, after dismissal based upon a finding of “no probable cause,” would contravene the election of remedies provision contained in section 297 (9) of the Executive Law (see 9 NYCRR 465.5 [e] [2] [vi]). Unlike in Tribune Entertainment Corp. v New York State Div. of Human Rights, 210 AD2d 11 [1st Dept 1994]), the ACD here occurred after the formal fact finding and an earlier dismissal of the complaint. Concur — Friedman, J.P., Sweeny, Andrias, Gische and Clark, JJ. [Prior Case History: 2013 NY Slip Op 32623CU).]