■ MJ Cahn Co., Respondent, v New York State Division of Human Rights, Appellant, et al., Respondent. [50 NYS3d 348]—

Order and judgment (one paper), Supreme Court, New York

County (Manuel J. Mendez, J.), entered February 22, 2016, granting the petition to annul the determination of respondent New York State Division of Human Rights (DHR), dated July 17, 2015, which dismissed respondent Maimouna Kamate's complaint on the ground that her election of an administrative remedy was annulled, unanimously reversed, on the law, without costs, the petition denied and the proceeding brought pursuant to CPLR article 78 dismissed.

DHR properly dismissed Kamate's complaint on the ground that her election of remedies was annulled (*see* Executive Law § 297 [9]), notwithstanding that she sought dismissal of the DHR complaint only after commencing a state court action alleging the same claims (*Kamate v MJ Cahn Co.*, 147 AD3d 573 [1st Dept 2017]; *see generally Eastman Chem. Prods. v New York State Div. of Human Rights*, 162 AD2d 157 [1st Dept 1990]; *see also Mitsubishi Bank v New York State Div. of Human Rights*, 176 AD2d 689 [1st Dept 1991]). "The only prerequisite to dismissal of the DHR complaint on this ground is that dismissal be sought 'prior to a hearing before a hearing examiner' in the DHR proceeding (Executive Law § 297 [9]). The statute does not require that dismissal be obtained prior to commencement of the state court action. [Kamate] made her request prior to a hearing before a hearing examiner, and her election of remedies was annulled upon DHR's dismissal of her complaint" (*Kamate*, 147AD3d at 573).

Under these circumstances, DHR's dismissal was not, as Supreme Court found, purely arbitrary (*see Acosta v Loews Corp.*, 276 AD2d 214, 220-221 [1st Dept 2000]). Concur—Friedman, J.P., Sweeny, Renwick, Andrias and Manzanet-Daniels, JJ.