Sills v Royston (2021 NY Slip Op 02678)





Sills v Royston


2021 NY Slip Op 02678


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND BANNISTER, JJ.


759 CA 20-00366

[*1]AUDREY ELAINE SILLS, AS EXECUTOR OF THE ESTATE OF ANGELINE. SILLS, DECEASED, PLAINTIFF-APPELLANT, V
v
JOAN ROYSTON, DEFENDANT-RESPONDENT. - IN THE MATTER OF AUDREY ELAINE SILLS, AS EXECUTOR OF THE ESTATE OF ANGELINE . SILLS, DECEASED, PETITIONER-APPELLANT, 
 FLEET NATIONAL BANK, JOAN ROYSTON, KIRK RICHARDSON AND COMMUNITY BANK, N.A., FORMERLY KNOWN AS WILBER NATIONAL BANK, RESPONDENTS-RESPONDENTS. 






PAUL A. ARGENTIERI, HORNELL (HEATHER ODOM OF COUNSEL), FOR PLAINTIFF-APPELLANT AND PETITIONER-APPELLANT. 
BOND, SCHOENECK & KING, PLLC, SYRACUSE (JONATHAN B. FELLOWS OF COUNSEL), FOR RESPONDENT-RESPONDENT COMMUNITY BANK, N.A., FORMERLY KNOWN AS WILBER NATIONAL BANK. 


 Appeal from an order of the Supreme Court, Steuben County (Robert B. Wiggins, A.J.), dated August 9, 2019. The order, among other things, denied plaintiff-petitioner's motions seeking to hold defendant-respondent Joan Royston and respondent Kirk Richardson in civil contempt. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: After over two decades of litigation, involving multiple appeals to this Court (Matter of Sills v Fleet Natl. Bank, 81 AD3d 1422 [4th Dept 2011]; Matter of Sills v Fleet Natl. Bank, 81 AD3d 1424 [4th Dept 2011]; Matter of Sills v Fleet Natl. Bank [appeal Nos. 2 & 3], 81 AD3d 1425 [4th Dept 2011]; Matter of Sills v Fleet Natl. Bank, 81 AD3d 1426 [4th Dept 2011]; Sills v Royston [appeal Nos. 1 & 2], 78 AD3d 1621 [4th Dept 2010]; Matter of Sills v Fleet Natl. Bank [appeal No. 2], 32 AD3d 1157 [4th Dept 2006]), plaintiff-petitioner (plaintiff) appeals from an order that, among other things, denied her motions seeking to hold defendant-respondent Joan Royston and respondent Kirk Richardson in civil contempt.
Subsequent to the order in this appeal, the parties to this action and proceeding executed a global settlement of all actions and proceedings. Royston, however, later sought to void the settlement agreement on various grounds. Supreme Court ultimately granted plaintiff's motion to enforce the settlement agreement and directed Royston to comply with its terms.
"Inasmuch as the parties have executed a stipulation of settlement completely resolving the underlying dispute, we find that this appeal is now moot" (Wegmans Food Mkts. v New York State Div. of Human Rights, 245 AD2d 685, 685 [3d Dept 1997]; see Lawyers Tit. Ins. Co. v Weiser's Poultry Farm, 289 AD2d 739, 739 [3d Dept 2001]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]), and does not fall within any exception to the [*2]mootness doctrine (see Hearst Corp., 50 NY2d at 714-715). No useful purpose would be served by modifying or reversing an order in a case that has been settled.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court