OPINION OF THE COURT
Alexander, J.
The -question presented on this appeal is whether the State Division of Human Rights may properly dismiss "for administrative convenience” a complaint which is time barred by Executive Law § 297 (5). We conclude that such a dismissal is not authorized because it would contravene the statutory scheme requiring a complainant to elect a remedy in either an administrative or a judicial forum (see, Executive Law § 297 *244 [9]). Thus the order of the Appellate Division must be reversed.
I
On April 15, 1986 respondent Morse, a former employee of petitioner Marine Midland Bank (Marine Midland), filed an age discrimination complaint against petitioner with the State Division of Human Rights (the Division). Marine Midland answered that the complaint was time barred under the Human Rights Law because it was not filed within one year after the accrual of the cause of action (see, Executive Law § 297 [5]). By "Determination After Investigation” dated July 11, 1986, the Division dismissed the complaint, notwithstanding its determination that the complaint was time barred. The Division stated the dismissal was for "administrative convenience”, noting: "Inasmuch as an alternative remedy with a greater period of limitation exists, this matter is dismissed for administrative convenience to permit the parties to exercise their rights in state courts.”
Marine Midland then instituted this proceeding pursuant to Executive Law § 298. The petition sought modification of the Division’s determination to indicate that the dismissal was based solely upon the fact that the complaint was not timely filed. Supreme Court granted the petition, reasoning that the dismissal of a time-barred complaint for "administrative convenience” contravenes the election of remedies provisions of Executive Law § 297 (9). The Appellate Division reversed because, in its view, Supreme Court exceeded its jurisdiction in reviewing the Division’s administrative convenience dismissal of Morse’s complaint. Marine Midland appeals by leave of this court. We now reverse and reinstate the order of Supreme Court.
II
The Legislature has decreed that a person claiming to be aggrieved by unlawful discriminatory practices may elect to seek redress in either an administrative or a judicial forum (Executive Law § 297 [9]). The administrative forum offers a complainant remedies not available from a court (see, e.g., Executive Law § 297 [3] [a]) and may be less expensive and time consuming than litigating in the State courts. However, a complainant has less time in which to seek administrative review — a complaint must be filed with the Division of Human *245 Rights within one year of the accrual of the cause of action (Executive Law § 297 [5]) while an action may be commenced in a court within three years of that time (CPLR 214 [2]; see, Murphy v American Home Prods. Corp., 58 NY2d 293, 307). As a general rule, the remedies are intended to be mutually exclusive (Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd., 61 NY2d 542, 548). Executive Law § 297 (9) expressly precludes administrative review after the commencement of an action in a judicial forum. Similarly, once a complainant elects the administrative forum by filing a complaint with the Division of Human Rights, a subsequent judicial action on the same complaint is generally barred (Executive Law § 297 [9]).
The single exception to the mutually exclusive nature of the elective remedies arises when a complaint is dismissed by the Division for "administrative convenience” (Executive Law § 297 [9]; Emil v Dewey, 49 NY2d 968, 969). In that situation, the complainant retains the right to bring an action in State court as if the administrative complaint had never been filed (Executive Law § 297 [9]). Dismissals by the Division for "administrative convenience” are within the agency’s "unreviewable discretion” and are authorized at any time prior to a hearing when "the division finds that the complainant’s objections to the [conciliation agreement proposed by the agency would be] without substance or that noticing the complaint for hearing would be otherwise undesirable” (Executive Law § 297 [3] [c]). In conferring this discretionary authority upon the agency, the Legislature intended to "permit more efficient administration of the Division’s affairs” (1968 Report of Governor’s Committee to Review New York Laws & Procedures in Area of Human Rights [the Debevoise Committee], at 35; see also, L 1968, ch 958, §6; 1968 McKinney’s Session Laws of NY, at 2322 [Legislative Mem]). Such administrative convenience dismissals were distinguished from dismissals for lack of jurisdiction or lack of reasonable cause to believe that the party accused committed the alleged acts of unlawful discrimination. The Legislature intended that these latter dismissals would bar subsequent judicial action (1968 Report of Governor’s Committee, at 35).
Morse and the Division argue that because the dismissal of Morse’s complaint was for administrative convenience, the determination was within the agency’s "unreviewable discretion” and therefore beyond the jurisdiction of the courts. We have recognized, however, that the agency’s authority under *246 Executive Law §297 (3) (c) is not boundless. Administrative convenience dismissals are subject to judicial review to the extent that they are "purely arbitrary”, i.e., to the extent that they contravene or threaten to contravene a statute, constitutional right or administrative regulation (Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd., 61 NY2d, at 547, supra; see also, Matter of Avon Prods. v State Div. of Human Rights, 138 Misc 2d 466, 471; cf., Matter of Baer v Nyquist, 34 NY2d 291, 298). Marine Midland’s challenge to the Division’s determination falls precisely within this limited scope of judicial review.
Marine Midland argues that the Division has improperly used the mechanism of an administrative convenience dismissal to thwart the mandates of Executive Law § 297 (5) and (9). We agree. To permit the Division to dismiss time-barred complaints on the ground of administrative convenience, thereby paving the way for subsequent judicial proceedings, would render meaningless the the one-year time limitation of Executive Law § 297 (5) and the election of remedies requirement of Executive Law § 297 (9). Although the Legislature has authorized the Division to expedite its own procedures, it has not conferred upon the agency the discretionary authority to subvert the express requirements of the statute. Moreover, where, as here, the Division determined that the administrative complaint was time barred by Executive Law § 297 (5), no "administrative convenience” could inure to the agency by such a dismissal. At that point, dismissal was mandated by the statute. Finally, where an administrative convenience dismissal is contrary to the express requirements of a statute, the Division’s action cannot be justified by reference to the more broadly written regulations promulgated by the agency itself (see, 9 NYCRR 465.5 [d] [2]).
Accordingly, the order of the Appellate Division should be reversed, with costs, and the order of Supreme Court reinstated.