78 N.Y.2d 318 (1991)
In the Matter of New York City Department of Environmental Protection, Appellant,
v.
New York City Civil Service Commission et al., Respondents.
Court of Appeals of the State of New York.
Argued June 5, 1991.
Decided September 12, 1991.
Victor A. Kovner, Corporation Counsel (Elizabeth Dvorkin and Francis F. Caputo of counsel), for appellant.
Jean Rodgers Mills for New York City Civil Service Commission, respondent.
Jeffrey S. Wasserman for John Daly, respondent.
Judges SIMONS, KAYE, ALEXANDER, TITONE, HANCOCK, JR., and BELLACOSA concur.
*320 Chief Judge WACHTLER.
Respondent John Daly, an employee of the Department of *321 Environmental Protection's Owl's Head Water Pollution Control Plant, was charged with threatening Jerome Gibbs, a fellow employee, and then punching him in the stomach and knocking him into a wall. Earlier in the day, Gibbs had allegedly been the subject of a racially motivated attack. According to Gibbs, Daly's threats were designed to keep Gibbs from pressing criminal charges against the two coemployees who had been involved in the earlier incident.
In July of 1986, the Department charged Daly with misconduct arising out of the incident. After a hearing at which both Daly and Gibbs testified, the Administrative Law Judge credited Gibbs' testimony and recommended that Daly be dismissed. The Commissioner of the Department adopted the findings of the Administrative Law Judge and terminated Daly's employment effective October 31, 1986.
Daly appealed the determination to the Civil Service Commission pursuant to Civil Service Law § 76. The Commission reviewed the transcript of the administrative hearing and reversed the determination of guilt and penalty of dismissal, ordering Daly restored to his position with full back pay. The Department commenced this CPLR article 78 proceeding in August 1988, seeking a judgment reversing the determination of the Civil Service Commission and reinstating the determination of guilt and the penalty of dismissal. Supreme Court, New York County, transferred the matter to the Appellate Division, which confirmed the determination of the Civil Service Commission and dismissed the proceeding, with two Justices dissenting.
On this appeal, we must construe the language of section 76 of the Civil Service Law to determine whether there is any impediment to our review of the Civil Service Commission's determination. Section 76 permits certain aggrieved employees to appeal a determination in a disciplinary proceeding either to the Commission or to the courts through an article 78 proceeding. If the employee chooses to take an appeal to the Commission, as Daly did in this case, subdivision (3) provides that the Commission's decision "shall be final and conclusive, and not subject to further review in any court." We must decide, then, the extent to which this language affects our competence to review the determination at issue here.
We conclude, based on the language of the statute, its legislative history and our case law, that the merits of the *322 determination of the Civil Service Commission in this case are not reviewable in the courts.
This Court has recognized that the Legislature is permitted to restrict the availability of judicial review. In Matter of Guardian Life Ins. Co. v Bohlinger (308 N.Y. 174), we stated that "[a]lthough the courts will be exceeding [sic] slow to rule that the discretion of an administrative officer or board `may be exercised unhampered by judicial review' * * * it is settled that the legislature may, if it sees fit, provide that certain action `is not a matter open to [such] review'" (id., at 180, citing Matter of Millman v O'Connell, 300 N.Y. 539, 540; Matter of Schwab v McElligott, 282 N.Y. 182, 186; Reckler v Quinn, 280 N.Y. 768; Matter of Calvary Presbyt. Church v State Liq. Auth., 275 N.Y. 552; Switchmen's Union v Board, 320 US 297, 300). In Matter of Guardian Life, we held that the decision of the Superintendent of Insurance to deny an application submitted by the petitioner insurance company for approval to purchase real property was not subject to judicial review because there was no provision in the Insurance Law authorizing judicial review of such determinations. The Court held that although there was no provision expressly prohibiting review, this was the clear intent of the Legislature, which elsewhere in the statute had specifically indicated which determinations of the Superintendent were to be subject to review (id., at 181).
In Abbott Labs. v Gardner (387 US 136, 140), the United States Supreme Court, applying a "clear and convincing evidence" test, held that "judicial review of a final agency action by an aggrieved person will not be cut off unless there is persuasive reason to believe that such was the purpose of Congress" (see also, Barlow v Collins, 397 US 159; but see, Johnson v Robison, 415 US 361). Our own cases state a similar rule (see, e.g., Matter of Dairylea Coop. v Walkley, 38 N.Y.2d 6, 11).
The language contained in section 76 is clear and unambiguous in its intent to preclude judicial review of Commission decisions. The legislative history further supports this conclusion. In an April 28, 1941 letter to Governor Lehman, Senator Seymour Halpern, the sponsor of the 1941 bill which added this language to the Civil Service Law, wrote that "[the bill was] designed to make removals and disciplinary procedure a matter of administration and to keep such cases out of the courts."
*323 Our consideration of this question does not end with the statutory language and its legislative history, however. "Even where judicial review is proscribed by statute, the courts have the power and the duty to make certain that the administrative official has not acted in excess of the grant of authority given * * * by statute or in disregard of the standard prescribed by the legislature" (Matter of Guardian Life Ins. Co. v Bohlinger, supra, at 183).
This standard of review, however, is exceedingly limited. In earlier cases construing former Education Law § 310, which precluded judicial review in language similar to that at issue here, we looked to whether the agency action was "purely arbitrary" (see, e.g., Matter of Baer v Nyquist, 34 N.Y.2d 291, 298; Matter of Ross v Wilson, 308 N.Y. 605; Matter of Levitch v Board of Educ., 243 N.Y. 373, 375). In Baer (supra), we stated that "purely arbitrary" decisions are those that "contravene statutes or constitutional provisions, or countenance their contravention" (id., at 298). Because of the similarity between "purely arbitrary" and "arbitrary and capricious," an entirely separate standard of review applicable to most agency actions, our use of the "purely arbitrary" terminology has led to some confusion. "Purely arbitrary" and "arbitrary and capricious" are not the same and should not be understood as providing the same kind or degree of review.
For clarity, we abandon the "purely arbitrary" terminology in referring to the standard of review applicable when the Legislature has evinced its intent that judicial review be precluded. But we emphasize that however explicit the statutory language, judicial review cannot be completely precluded. First, if a constitutional right is implicated, some sort of judicial review must be afforded the aggrieved party. We suggested as much in dictum in Long Is. Coll. Hosp. v Catherwood (23 N.Y.2d 20, 36, n 3), in which we noted that "in the absence of some procedure for the review of a final agency action, a serious constitutional question might arise, for, as was recently observed, `there must be some type of effective judicial review of final, substantive agency action which seriously affects personal or property rights'" (quoting Gardner v Toilet Goods Assn., 387 US 167, 177, per Fortas, J.).
Second, judicial review is mandated when the agency has acted illegally, unconstitutionally, or in excess of its jurisdiction. In Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd. (61 N.Y.2d 542, 548), for example, *324 we stated that even if statutory language precluded review, "[s]ome standards to guide [the agency's] broad discretion are necessary if the statute is to be valid." Quoting from Baer (supra), we said that a court should step in if an agency acts in violation of the Constitution, statutes or its own regulations (id., at 547-548; see also, Marine Midland Bank v New York State Div. of Human Rights, 75 N.Y.2d 240, 246).
This, we believe, was the original understanding of the term "purely arbitrary." As noted above, this is an extremely narrow standard of review. Once courts have determined that an agency has not acted in excess of its authority or in violation of the Constitution or of the laws of this State, judicial review is completed.
Given this limited standard, the substance of the Commission's determination in this case is unreviewable in the courts. Despite the fact that the Commission disregarded the credibility determinations of the Administrative Law Judge, there is no showing that this was unconstitutional, illegal, or outside the Commission's jurisdiction. This determination should be treated, therefore, in all respects as final and conclusive.
Accordingly, the judgment of the Appellate Division should be affirmed, with costs.
Judgment affirmed, with costs.