**Lida CHACHRA, Plaintiff,**

v.

**KATHARINE GIBBS SCHOOL INC., Defendant.**

**No. CV 93–1383.**

United States District Court, E.D. New York.

Aug. 11, 1993.

---

Piken & Piken by Kenneth M. Piken, Lake Success, NY, for plaintiff.

McDermott, Will & Emery by Russell G. Tisman, New York City, for defendant.

### MEMORANDUM AND ORDER

WEXLER, District Judge.

Lida Chachra ("Plaintiff"), alleging that she was improperly terminated due to her age and disability, brings this action against her former employer, Katharine Gibbs School, Inc. ("Defendant" or "Katharine Gibbs") pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the New York Human Rights Law/New York Executive Law § 296. Now before the Court is Defendant's motion to dismiss the following claims pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure: (1) Plaintiff's claims for compensatory and punitive damages under the ADEA; (2) Plaintiff's claims for attorney's fees under New York Executive Law § 296; and (3) Plaintiff's second and third claims, for age discrimination and disability discrimination respectively, under New York Executive Law § 296.

Plaintiff concedes that there is no legal basis for her claims for compensatory and punitive damages under the ADEA and for attorney's fees under New York Executive

Law § 296. Accordingly, these claims are hereby dismissed. For the reasons that follow, Plaintiff's state claims for age and disability discrimination under New York Executive Law § 296 is also dismissed.

### I. BACKGROUND

Plaintiff, a 46 year old former part time teacher at Katharine Gibbs alleges that she was terminated following a leave of absence, from February 1992 to April 6, 1992, for surgery to remove a cyst. On May 30, 1992, Plaintiff, who was represented by counsel, elected to pursue administrative remedies, filing a complaint alleging age, sex and disability discrimination with the New York State Division of Human Rights ("DHR"). On June 24, 1992, the DHR commenced an investigation which remains pending at this time.

The DHR referred a copy of Plaintiff's complaint to the Equal Employment Opportunity Commission ("EEOC"). On February 1, 1993, Plaintiff received a Notice of Right to Sue from the EEOC.

By a letter dated May 19, 1993, Plaintiff requested that the DHR dismiss Plaintiff's claim "for administrative convenience." The DHR has not yet ruled on this request.

### II. DISCUSSION

Under the election of remedies doctrine, a party has a choice of pursuing administrative remedies with the HRD or bringing legal action in a court of law; generally, she cannot do both. N.Y.Exec.Law § 297(9); *Carter v. A.T. & T. Communications*, 759 F.Supp. 155, 156 (S.D.N.Y.1991); *Leake v. Long Island Jewish Medical Center*, 695 F.Supp. 1414, 1418 (E.D.N.Y.1988), *aff'd*, 869 F.2d 130 (2d Cir.1989). Plaintiff argues, however, that there is an exception to this rule once the DHR dismisses the administrative complaint on the ground of "administrative convenience." In that event, the person "shall maintain all rights to bring suit as if no complaint had been filed." Executive Law § 297(9).

In response, Defendant notes that at this time, the DHR has not issued a dismissal based on "administrative convenience."

Thus, a dismissal of the state claims would clearly be proper at this time. *See Low v. Gibbs & Hill, Inc.*, 92 A.D.2d 467, 459 N.Y.S.2d 47 (1st Dep't 1983).

Furthermore, Defendant contends that such a dismissal would be an abuse of the agency's discretion because the dismissal would be related to Plaintiff's change of litigation strategy rather than true administrative convenience. *See Marine Midland Bank, N.A. v. New York State Division of Human Rights*, 75 N.Y.2d 240, 552 N.Y.S.2d 65, 67, 551 N.E.2d 558, 560 (Ct.App.1989) (annulling DHR determination granting complainant's request for an administrative convenience dismissal).

Finally, Plaintiff relies on the 1992 amendment to DHR's regulation, 9 N.Y.C.R.R. § 465(d)(2)(vi), which specifically authorizes administrative convenience dismissals at the request of the complainant so that she can pursue a court action and Defendant responds by arguing that such a regulation is insufficient because it is contrary to the express requirements of the New York Executive Law. *See Marine Midland*, 75 N.Y.2d 240, 552 N.Y.S.2d at 67, 551 N.E.2d at 560. Nevertheless, Defendant recognizes that if the DHR had already issued an administrative convenience dismissal, Defendant would have to attack it through the state court system rather than in this Court. *Adames v. Mitsubishi Bank, Ltd.*, 751 F.Supp. 1565, 1576 (E.D.N.Y.1990); *Martel v. Dean Witter Reynolds, Inc.*, 738 F.Supp. 53, 56 (E.D.N.Y. 1990).

This Court finds that the entire purpose of providing administrative remedies is to reduce the burdens on the state and federal court systems from the numerous discrimination claims that are filed each year. This purpose cannot be accomplished if parties are permitted to begin administrative proceedings and then voluntarily end them and commence law suits on the identical claims. Therefore, this Court believes that dismissals for administrative convenience should be limited to cases where the dismissal is truly for the convenience of the agency rather than due to a change of litigation strategy by the complainant.

### III. *CONCLUSION*

Accordingly, for the aforementioned reasons, Defendant's motion to dismiss Plaintiff's second and third claim for age and disability discrimination pursuant to New York Executive Law § 296 is granted at this time. Nevertheless, if the DHR does eventually issue an administrative convenience dismissal and Defendant either fails to appeal such decision in the state courts or loses such an appeal, this Court will then consider reinstating Plaintiff's state claims.

SO ORDERED.