**Shelley JACKSON, Plaintiff,**

v.

**NYS DEPARTMENT OF LABOR, Defendant.**

**No. 09 Civ. 6608 (VM).**

United States District Court, S.D. New York.

April 26, 2010.

Shelley Jackson, Flushing, NY, for Plaintiff.

Wesley Eugene Bauman, New York State Office of the Attorney General, New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se plaintiff Shelley Jackson ("Jackson") brought this action against the New York State Department of Labor ("DOL"), claiming violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2 to 2000e–17 ("Title VII"); New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 ("NYSHRL"); and New York City Human Rights Law, N.Y.C. Admin. Code §§ 8–101 to 131 ("NYCHRL"). Jackson alleges that DOL discriminated against her based on her race, sex, and religion. DOL moves pursuant to Federal Rules of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") and 12(b)(1) ("Rule 12(b)(1)") to dismiss Jackson's complaint, dated July 15, 2009 (the "Complaint"), for lack of subject matter jurisdiction and failure to state a claim.[1] Specifically, DOL asserts that (1) Jackson's Title VII claims should be barred as untimely; (2) Jackson may not maintain NYSHRL and NYCHRL claims

---

1. Jackson also filed a document that was docketed as an amended complaint in this action, dated July 25, 2009 (the "Supplemental Pleading"), which omitted discrimination claims based on race and religion but alleged "sexual harassment" and "retaliation" that occurred in February 2008. (Supplemental Pleading ¶ II.A.) The Court construes Jackson's pro se Complaint to include the claims alleged in her Supplemental Pleading.

against a state agency; (3) Jackson's NYSHRL and NYCHRL claims are barred pursuant to the election-of-remedies provisions in those laws; and (4) Jackson does not provide sufficient factual allegations in support of her claims. For the reasons stated below, DOL's motion to dismiss is GRANTED.

## I. BACKGROUND[2]

Jackson submitted her Complaint, which alleges violations of Title VII, NYSHRL, and NYCHRL, to this District's Pro Se Office on July 15, 2009. The Complaint was filed on July 24, 2009, after Jackson was granted leave to proceed in forma pauperis. According to her Complaint and Supplemental Pleading, DOL discriminated against her based on her race, sex, and religion, although she fails to identify her race or religion, leaving those spaces blank on the form complaint provided by the Pro Se Office.

Jackson alleges that DOL's discriminatory conduct included the "unequal terms and conditions of [her] employment," "retaliation," "harassment," and "hostile work environment." (Complaint ¶ II.A.) Jackson also asserts that the discriminatory conduct took place in 2007 and 2008, and finally, that she "was transferred to an undesirable work reassignment." (Id. ¶ II.E.) In her Supplemental Pleading, Jackson alleges "sexual harassment" and "retaliation," which occurred in February 2008. (Supplemental Pleading ¶ II.A.) Jackson seeks relief in the form of "unspecified monetary damages." (Id. ¶ IV; Complaint ¶ IV.)

Attached to Jackson's Complaint is her first right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") dated April 15, 2009 (the "Initial Right-to-Sue Letter"). (See Complaint Ex. A.) She submitted her second right-to-sue letter, dated May 7, 2009 (the "Second Right-to-Sue Letter"), with her Supplemental Pleading. (See Supplemental Pleading Ex. A.) Both letters indicate that the EEOC closed its files on Jackson's federal employment discrimination charges because it "adopted the findings of the state or local fair employment agency that investigated this charge." (Id.; Complaint Ex. A.) The findings relevant to the Initial Right-to-Sue Letter are described in the Determination and Order After Investigation issued by the New York State Division of Human Rights (the "SDHR") and dated December 30, 2008. (See Declaration of Counsel, dated December 2, 2009, Ex. B (the "SDHR Order").) The Court has not been provided any SDHR documentation related to Jackson's Second Right-to-Sue Letter.

The SDHR Order states that Jackson filed a complaint with the SDHR on March 19, 2008 (the "SDHR Complaint"), alleging "that she was retaliated against for filing an internal complaint alleging she was being discriminated against because of her race and religion." (Id. at 1.) The SDHR found Jackson's claim meritless, noting that at the time she filed her SDHR Complaint she was still employed by DOL at the same title and pay grade she held before filing the internal complaint. The SDHR Order also observed that Jackson had a "contentious relationship" with Norma Aird, her supervisor, which "involved a

---

**2.** The factual summary that follows derives from the Complaint and Supplemental Pleading and all documents attached thereto or referenced therein. The Court accepts all well-pleaded facts in the Complaint and Supplemental Pleading as true for the purpose of ruling on a motion to dismiss. See Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 180 (2d Cir.2008). Unless specifically referenced, no further citation to these sources will be made.

record of cross-allegations of disrespect." (*Id.*)

According to the SDHR Order, although Jackson was issued disciplinary notices after she filed her internal discrimination complaint, she was also "issued disciplinary notices detailing insubordinate behavior" on January 1, 2007, and May 24, 2007, prior to when Jackson filed her internal discrimination complaint on June 5, 2007. (*Id.* at 2.)

The SDHR Order further states that Jackson was instructed to attend training sessions in Buffalo and Albany, New York, even though she lives in the New York City metro area. The investigation revealed that Jackson ultimately took the required courses in the New York City metro area. Finally, the SDHR Order reports that Jackson was transferred out of her department.

## II. *LEGAL STANDARD*

### A. *SUBJECT MATTER JURISDICTION*

■■ The inquiry on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) concerns whether the district court has the statutory or constitutional power to adjudicate the case. *See Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova,* 201 F.3d at 113. In reviewing a motion to dismiss for lack of subject matter jurisdiction, a court may consider evidence outside the pleadings. *See id.*

### B. *FAILURE TO STATE A CLAIM*

■■ In assessing a motion to dismiss under Rule 12(b)(6), dismissal of a complaint is appropriate if the plaintiff has failed to offer factual allegations sufficient to render the asserted claim plausible on its face. *See Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To state a facially plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, a court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. The task of a court in ruling on a motion to dismiss is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *In re Initial Publ. Offering Sec. Litig.,* 383 F.Supp.2d 566, 574 (S.D.N.Y.2005) (quotation marks and citation omitted).

■ For the purposes of deciding a motion to dismiss, the Court accepts the factual allegations in a complaint as true, and draws all reasonable inferences in the plaintiff's favor. *See Iqbal,* 129 S.Ct. at 1950 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). However, allegations that are no more than legal conclusions "are not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950.

■ In the context of a discrimination claim, "[t]he *Iqbal* plausibility standard applies in conjunction with employment dis-

crimination pleading standards." *See Gillman v. Inner City Broad. Corp.*, No. 08 Civ. 8909, 2009 WL 3003244, at *3 (S.D.N.Y. Sept. 18, 2009). Employment discrimination claims need not contain specific facts establishing a prima facie case of discrimination. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514–15, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Rather, an employment discrimination complaint "must include only a short and plain statement of the claim ... [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512, 122 S.Ct. 992 (quotation marks and citations omitted); *see also Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (applying *Swierkiewicz* to NYCHRL and NYSHRL discrimination claims).

In *Twombly*, the Supreme Court explicitly affirmed the *Swierkiewicz* pleading standard for employment discrimination claims. *See* 550 U.S. at 569 n. 14, 127 S.Ct. 1955 ("Here, our concern is not that the allegations in the complaint were insufficiently particular[ized]; rather, the complaint warranted dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible." (quotation marks and citations omitted)); *see also Iqbal*, 129 S.Ct. at 1953 ("Our decision in *Twombly* expounded upon the pleading standard for all civil actions, and it applies to antitrust and discrimination suits alike." (quotation marks and citation omitted)). The *Swierkiewicz* standard applies to all claims "that the *McDonnell Douglas* framework covers," *Boykin v. KeyCorp et al.*, 521 F.3d 202, 212 (2d Cir.2008) (quotation marks omitted), including claims of retaliation, disparate treatment, and hostile work environment. *See, e.g., Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 241 (2d Cir.2007); *Williams v. New York City Housing Auth.*, 458 F.3d 67, 72 (2d Cir. 2006). Accordingly, "[a]t the pleading stage of the case ... plaintiffs need not plead a prima facie case of discrimination ... so long as they provide in the complaint a short and plain statement of the claim that shows that plaintiffs are entitled to relief and that gives the defendant fair notice of plaintiffs' claim ... and the grounds upon which that claim rests." *Kassner*, 496 F.3d at 241.

■ In the case of a pro se litigant, the Court reads the pleadings leniently and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quotation marks omitted). This guidance applies with particular force when the plaintiff's civil rights are at issue. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir.2004). However, even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a "right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

## III. *DISCUSSION*

### A. *SUBJECT MATTER JURISDICTION*

#### 1. *Election of Remedies*

■ DOL argues that Jackson's state and city discrimination claims are barred by the NYSHRL and NYSHRL election-of-remedies provisions, depriving this Court of jurisdiction. Because this Court may not exercise jurisdiction over Jackson's NYSHRL and NYCHRL claims to the extent that they duplicate claims made in her SDHR Complaint, the Court grants DOL's Rule 12(b)(1) motion as to those claims.

■ New York Executive Law § 297(9) states that "[a]ny person claiming to be aggrieved by an unlawful discrimina-

tory practice shall have a cause of action in any court of appropriate jurisdiction ... unless such person has filed a complaint hereunder or with any local commission on human rights ...." N.Y. Exec. Law § 297(9). The NYCHRL "language ... is nearly identical ... and discussion of the latter applies equally to the former." *York v. Association of the Bar of the City of N.Y.*, 286 F.3d 122, 127 (2d Cir.2002) (quotation marks omitted); *see also* N.Y.C. Admin. Code § 8–502(a). These provisions bar a person who has filed a complaint with the SDHR from filing a lawsuit in this Court based on the same underlying conduct. Courts generally recognize two exceptions to this jurisdictional bar:

> (1) a complaint filed with ... [the SDHR] dismissed for administrative convenience; and
>
> (2) a complaint filed with ... [the SDHR] by the EEOC pursuant to the Title VII requirement that all complaints filed directly with the EEOC be referred to the local agency (for duty-sharing purposes).

*Alston v. Microsoft Corp.*, No. 08 Civ. 3547, 2009 WL 1116360, at *4 (S.D.N.Y. Apr. 27, 2009)' (citations omitted); *see also* N–Y. Exec. Law § 297(9) ("A complaint filed by the [EEOC] to comply with the requirements of [Title VII] shall not constitute the filing of a complaint ....").

Jackson's SDHR Complaint, as described by the SDHR Order dismissing the SDHR Complaint on the merits, charged DOL with "an unlawful discriminatory practice relating to employment because of opposed discrimination/retaliation." (SDHR Order at 1.) Jackson provides no allegations to suggest that the EEOC filed the Administrative Complaint with the SDHR on her behalf.

Because Jackson alleges that she personally filed her claim with the SDHR and the EEOC, (*see* Affirmation in Opposition to DOL's Motion to Dismiss, dated March 3, 2010 ("Affirmation"), at 2 ("I went to ... NYS Human Rights and EEOC")), and there is otherwise no indication that her situation falls into an exception to the election-of-remedies provisions, the Court finds that Jackson fails to meet her burden to establish subject matter jurisdiction as to the claims she alleged in her SDHR complaint.[3]

### 2. *Sovereign Immunity*

■ DOL argues that as a state agency, it is immune from NYSHRL and NYCHRL claims brought against it in federal court. The Court agrees, and finds that to the extent that Jackson's state and city claims are not barred by the election-of-remedies provisions in those laws, they are nonetheless prohibited on sovereign immunity grounds.

■ Eleventh Amendment immunity, which protects a state from suit in federal court, "extends ... not only to a state, but also to entities considered arms of the state." *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir.2001) (quotation marks omitted). DOL is an agency of the State of New York, which is an arm of the state

---

**3.** The Court notes, however, that it may exercise jurisdiction over Jackson's NYSHRL and NYCHRL claims to the extent that they are based on conduct not alleged in her SDHR Complaint, i.e., retaliation claims based upon events occurring later in time, assuming that Jackson amends her Complaint to address the sovereign immunity issues the Court discusses below. Because courts interpret the scope of claims precluded by the election of remedies broadly, Jackson would need to allege a different set of facts from those she alleged in her SDHR Complaint. *See, e.g., Alston*, 2009 WL 1116360, at *4 ("When a plaintiff files a complaint with the Commission or Division, no City or State HRL claims arising from the same facts can be adjudicated in federal court, unless one of the exceptions applies.").

entitled to invoke Eleventh Amendment immunity. *See, e.g., Phipps v. New York State Dep't of Labor,* 53 F.Supp.2d 551, 558 (N.D.N.Y.1999) (barring plaintiff from bringing NYSHRL claims against DOL as a state agency).

The State of New York has not consented to suit in federal court through NYSHRL, and therefore, Jackson's NYSHRL claims must be dismissed. *See Cajuste v. Lechworth Developmental Disabilities Serv.,* No. 03 Civ. 0161, 2005 WL 22863, at *3 (S.D.N.Y. Jan. 4, 2005) (citations omitted) (collecting cases). Further, given that a political subdivision may not waive a state's sovereign immunity, and that the State has not consented to be sued in federal court under NYCHRL, the Court must also dismiss Jackson's NYCHRL claims against DOL. *See Falchenberg v. New York State Dep't of Educ.,* 642 F.Supp.2d 156, 166 (S.D.N.Y.2008). Accordingly, based on the election-of-remedies provisions in NYSHRL and NYCHRL, as well as the principles of sovereign immunity, the Court grants DOL's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction over Jackson's NYSHRL and NYCHRL claims.

## B. *FAILURE TO STATE A CLAIM*

### 1. *Plausible Claim for Relief*

▮ Jackson alleges claims of hostile work environment based on race, religion, and sex, as well as disparate treatment based on her race and religion. She also alleges retaliation, both in her Complaint and Supplemental Pleading.[4] The Court finds that Jackson's Complaint and Supplemental Pleading must be dismissed for failure to state a plausible claim.

▮ Under Title VII, "[a] work environment will be considered hostile if a reasonable person would have found it to be so and if the plaintiff subjectively so perceived it." *Brennan v. Metropolitan Opera Ass'n,* 192 F.3d 310, 318 (2d Cir. 1999). To prove a hostile work environment, the plaintiff must demonstrate: "(1) that [her] workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of [her] work environment, and (2) that a specific basis exists for imputing the conduct that created the hostile work environment to the employer." *Fraser v. Fiduciary Trust Co. Intern.,* No. 04 Civ. 6958, 2009 WL 2601389, at *8 (S.D.N.Y. Aug. 25, 2009) (*quoting Schwapp v. Town of Avon,* 118 F.3d 106, 110 (2d Cir.1997) (citation omitted)). In evaluating a claim for hostile work environment, courts must consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

As discussed above, "*Swierkiewicz* does not require [plaintiff] to plead facts sufficient to establish a prima facie" discrimination claim. *Boykin,* 521 F.3d at 212. However, even after *Swierkiewicz,* a plaintiff must plead facts sufficient to state a claim of discrimination that is plausible on its face, *see Iqbal,* 129 S.Ct. at 1949, and gives fair notice to the defendants of the basis of the claim. In evaluating whether the plaintiff meets this standard, the Court must be "mindful of [its] duty to construe more liberally her pro se complaint." *Boykin,* 521 F.3d at 214.

---

4. The Court considers only the federal discrimination claims because, as determined above, the Court has no jurisdiction over the state and city claims brought by Jackson against DOL.

The Court finds that Jackson does not plead a plausible hostile work environment claim. She does not indicate her race or religion. Nor does she make any specific factual allegations about her treatment while employed by DOL, except that "she was transferred to an undesirable work reassignment." (Complaint ¶ II.E.) She does not allege what conduct created the hostile work environment, nor who, whether it be coworkers or her supervisors, participated in creating it. While the Court is aware of the Second Circuit's admonition that "dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable cases," *Boykin,* 521 F.3d at 216, the Court finds that circumstances meriting dismissal are present here. Unlike the allegations made by plaintiffs in *Boykin* and *Swierkiewicz,* Jackson's meager Complaint fails to give DOL fair notice of her claim and the grounds upon which it rests.

 For substantially the same reasons that Jackson fails to state a plausible claim of hostile work environment based on race, religion, or sex, she also fails to state a plausible claim for disparate treatment based on race and religion. To prove a prima facie case of disparate treatment a plaintiff must demonstrate that (1) she belonged to a protected class; (2) that she was qualified for her position; (3) that she suffered from an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See Feingold v. State of N.Y.,* 366 F.3d 138, 152 (2d Cir. 2004).

Although Jackson need not allege a prima facie disparate treatment claim to survive a motion to dismiss, she must at least satisfy the requirements of Rule 8(a) notice pleading. For example, the plaintiff in *Boykin* satisfactorily pled a claim of disparate treatment on the basis of race by alleging that (1) she was an African–American woman buying property in a predominantly African–American neighborhood, (2) she was denied a loan even though she satisfied all of the bank's credit requirements, (3) the actual reason for the denial was, at least in part, her race, (4) similarly situated loan applicants who were not African–American received more favorable treatment, and (5) defendant relied upon a policy against lending to out-of-state applicants as a pretext for race discrimination. *See Boykin,* 521 F.3d at 214–15. The Second Circuit accepted these allegations that the district court below had deemed insufficient, concluding that "taken as true, [the allegations] indicate the possibility of discrimination and thus present a plausible claim of disparate treatment." *Id.* at 215–16.

Here, however, Jackson makes no allegations to support her claim, including any facts identifying her race or religion, except that "she was transferred to an undesirable work reassignment." (Complaint ¶ II.E.) Without any indication of Jackson's race or religion, or allegations relating to her treatment at DOL, the Court finds that Jackson fails to allege facts that establish an inference of discrimination or even indicate the "possibility of discrimination." *Boykin,* 521 F.3d at 215.

 Similarly, Jackson does not state a plausible claim for retaliation. To establish a prima facie retaliation claim, a plaintiff must demonstrate that (1) she engaged in protected activity by opposing an employment practice made unlawful under the relevant statute; (2) the employer was aware of plaintiff's protected activity; (3) the employer took an adverse employment action against the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. *See McMenemy v. City of Rochester,* 241 F.3d 279, 282–83 (2d Cir.

2001). Although Jackson need not plead a prima facie claim, she must allege facts that state a plausible retaliation claim. The Court finds that Jackson has failed to do so, and that her retaliation claims must be dismissed.

Jackson did file discrimination complaints with various entities, as stated in the SDHR Order. However, she alleges no facts to plausibly suggest that she suffered an adverse employment action, or that there was a causal connection between her complaints and an adverse employment action. The SDHR Order indicates that Jackson filed an internal discrimination complaint on June 5, 2007, and that, according to Jackson, she was issued disciplinary notices after initiating her internal discrimination complaint. However, disciplinary notices alone do not amount to an adverse employment action. *See Anemone v. Metropolitan Transp. Auth.*, 410 F.Supp.2d 255, 266 (S.D.N.Y.2006) (collecting cases). It is evident that as of the SDHR Order, Jackson remained employed by DOL in the same position and at the same rate of pay as she held before she was issued the notices. Moreover, she received similar notices even prior to filing her internal complaint and SDHR Complaints.

Further, although Jackson also alleges that she was transferred to an undesirable work assignment as retaliation, the SDHR Order states that she had been transferred before she filed any complaints. Finally, the SDHR Order states that Jackson's supervisor instructed her to attend training sessions in upstate New York, but that she ultimately attended the classes in the New York metro area. The Court finds that these allegations do not amount to a plausible retaliation claim.

Accordingly, the Court grants DOL's motion to dismiss Jackson's hostile work environment, disparate treatment, and retaliation claims, and sua sponte dismisses Jackson's claim of sexual harassment (which the Court construes as a claim of hostile work environment on the basis of sex). Additionally, to the extent that the retaliation claim Jackson alleges in her Supplemental Pleading is based on different conduct from the retaliation claim she alleges in her Complaint, the Court sua sponte dismisses the Supplemental Pleading retaliation claim. Jackson alleges no more facts in support of the retaliation claim contained in her Supplemental Pleading than she does in support of the retaliation claim contained in her Complaint, and as such she fails to state a plausible claim for relief. *See* 28 U.S.C. § 1915(e)(2).

### 2. *Statute of Limitations*

DOL argues that Jackson's Title VII claims should be barred as untimely. The Court disagrees.

 Under Title VII, a plaintiff must file a complaint not more than ninety days after receipt of a right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1); *Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir.1994). Although Jackson alleges in her Complaint that she received her Initial Right–to–Sue Letter on April 15, 2009—ninety-one days before she submitted her Complaint to the Pro Se Office on July 15, 2009[5]—it is clear from the Initial Right–to–Sue Letter that the EEOC did not even mail the Initial Right–to–Sue Letter until April 15, 2009. Taking into consideration the discrepan-

---

5. Where a pro se plaintiff submits her complaint to the Pro Se Office, and the complaint is not filed until a later date, "the date that [the plaintiff] filed his complaint with the Pro Se Office ... is the relevant date for purposes of determining whether [her] claims are time-barred." *Chira v. Columbia Univ.*, 289 F.Supp.2d 477, 484 (S.D.N.Y.2003).

cies between Jackson's Complaint and the date specified on the Initial Right–to–Sue Letter, the Court concludes that there are issues of fact not appropriate for resolution at the motion to dismiss stage. Accordingly, the Court denies DOL's motion to dismiss the Complaint on statute of limitations grounds.

## C. *LEAVE TO REPLEAD*

Considering Jackson's pro se status and the nature of her claims, the Court grants her leave to replead. *See* Fed.R.Civ.P. 15(a)(2) (A court "should freely give leave" to amend "when justice so requires."). In granting leave to replead, the Court also considers Jackson's Affirmation, in which she alleged additional facts related to her claims. The Court was unable to consider these facts in deciding DOL's Rule 12(b)(6) motion because they were not alleged in the Complaint or any other document incorporated or referenced therein. Should Jackson choose to replead, she should amend her Complaint to include these allegations. If she so chooses, Jackson may also include the claims alleged in her Supplemental Pleading.

However, the Court notes that the allegations contained in the Affirmation may not alone be sufficient to remedy the deficiencies identified in the discussion above. If Jackson chooses to replead her hostile work environment and disparate treatment claims, for example, she must allege her race and religion, and at least some connection between her negative treatment and her status as a member of a protected class. As stated above, Jackson need not allege each element of a prima facie claim to survive a motion to dismiss, but the facts alleged at the very least must "indicate the possibility" that she was discriminated against on the basis of race, religion, and sex, as she marked on the form complaints she submitted through the Pro Se

office. *Boykin,* 521 F.3d at 215. The Court notes that it may exercise jurisdiction over Jackson's federal claims only if Jackson has properly exhausted her administrative remedies as to the discriminatory conduct she alleges. *See Mathirampuzha v. Potter,* 548 F.3d 70, 76 (2d Cir.2008) ("The exhaustion requirement is relaxed under the reasonably related doctrine if, inter alia, the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." (quotation marks omitted)).

Further, if Jackson chooses to reassert NYSHRL and NYCHRL claims, she must show—to the extent that she has the factual basis to do so—that this Court may exercise subject matter jurisdiction over those claims. To do so, Jackson must amend her Complaint to name individual defendants responsible for the unlawful actions alleged. *See Ying Jing Gan v. City of N.Y.,* 996 F.2d 522, 529 (2d Cir.1993) ("As to a claim brought against [the state official] in his individual capacity . . . the state official has no Eleventh Amendment immunity."). Finally, she must specify the factual basis of her NYSHRL and NYCHRL claims and indicate whether the conduct alleged is distinct from the conduct at issue in her SDHR Complaint. In the event that Jackson is unable to allege jurisdictional facts to remedy the deficiencies identified above, her NYSHRL and NYCHRL claims will be dismissed for lack of subject matter jurisdiction.

## IV. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 5) of defendant New York State Department of Labor to dismiss the claims of plaintiff Shelley Jackson ("Jackson") is GRANTED; and it is further

**ORDERED** that Jackson's amended complaint (Docket No. 4) is dismissed; and it is finally

**ORDERED** that Jackson is granted leave to file an amended complaint within thirty (30) days of this Order.

**SO ORDERED.**