**Dwight Andre WILLIAMS, Plaintiff,**

v.

**CITY OF NEW YORK and Department of Parks and Recreation, Defendants.**

No. 12 Civ. 131(PGG).

United States District Court, S.D. New York.

Jan. 8, 2013.

Dwight Andre Williams, Brooklyn, NY, pro se.

Ricardo Tapia, Jr., NYC Law Department, New York, NY, for Defendants.

## ORDER

PAUL G. GARDEPHE, District Judge.

*Pro se* plaintiff Dwight Andre Williams brings this action pursuant to Title VII of the Civil Rights Act of 1963, 42 U.S.C. § 2000e *et seq.,* the New York State Human Rights Law, Executive Law § 290 et *seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8–107 *et seq.* ("NYCHRL"). Williams alleges that the City of New York (the "City") and the Department of Parks and Recreation (the "Parks Department") discriminated against him on the basis of his sex, marital status, and criminal record.

Defendants have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6), arguing that; (1) the Complaint fails to state a claim under Title VII; (2) Williams's Title VII claims are time-barred; and (3) Williams's state and city law claims are barred by the election of remedies provisions of the NYSHRL and NYCHRL. (Dkt. No. 14) Williams has submitted an affirmation in opposition. (Dkt. No. 13) For the reasons set forth below, Defendants' motion will be GRANTED.

## BACKGROUND [1]

Williams alleges that Defendants discriminated against him on the basis of his sex, marital status, and criminal record, and subjected him to unequal terms and conditions of employment. (Cmplt. at 3, 17 [2]) On June 12, 2008, Williams applied to participate in the Parks Department's Parks Opportunity Program ("POP"), a welfare-to-work training program subsi-

---

1. The following facts are drawn from the Complaint and its exhibits and attachments. (Dkt. No. 2) "In assessing the legal sufficiency of the claim[s], [the court] must accept factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Bldg. Indus. Elec. Contractors Ass'n v. City of New York,* 678 F.3d 184, 187 (2d Cir.2012) (citing *DiFolco v. MSNBC Cable LLC,* 622 F.3d 104, 111 (2d Cir.2010)). The court may "consider ... the complaint and any documents attached thereto or incorporated by reference and 'documents upon which the complaint "relies heavily."'" *Id.* (quoting *In re Citigroup ERISA Litig.,* 662 F.3d 128, 135 (2d Cir.2011) (quoting *DiFolco,* 622 F.3d at 111)).

2. The page numbers referenced in this Order correspond to the page numbers of the Complaint and its exhibits as displayed on the ECF system. (Dkt. No. 2) Although Williams' form complaint does not list his criminal record as a basis for discrimination, it refers to and attaches a submission Williams made to the New York State Division of Human Rights that makes that claim. In that submission, Williams states that Parks Department employees "decided not [to give] me[ ] the position in clerical d[ue] to my [convictions]. It seem[s] to me ... I was being discriminated against because of my involvement with the law." (Cmplt. at 17) Because Williams is proceeding *pro se,* the Court reads his Complaint liberally and construes it to assert a claim for discrimination on the basis of his criminal record. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ("A document filed pro se is 'to be liberally construed.'") (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

dized by the City's Human Resources Administration. (*Id.* at 5–6) During the intake process, Elana Levy and other Parks Department employees advised the Job Training Participant ("JTP") applicants, including Williams, that positions were available in three fields: clerical, security, and maintenance. (*Id.* at 16) They also advised the JTP applicants of the requirements for each position. (*Id.* at 16–17) Williams applied for a clerical position. (*Id.* at 17)

On August 4, 2008, Levy assigned Williams a maintenance position rather than a clerical position. (*Id.* at 7, 16–17) Williams was told that there were no clerical positions available at that time. (*Id.* at 7, 18) Williams also was told that he was denied a clerical position because he lacked clerical experience, even though he had advised the coordinator of the POP program that he had answered telephone calls and performed filing and computer work at a previous job, and that he had obtained a certificate in word processing and secretarial skills in 1999. (*Id.* at 18–19) Williams' resume, which is attached to the Complaint, indicates that he was self-employed as a licensed vendor of merchandise between December 1991 and February 2008, worked as a handyman between January 1990 and December 1991, and was employed as a security guard from April to December 1989. (*Id.* at 13)

Williams alleges that he was denied a clerical position because of his sex, marital status, and criminal record. (*Id.* at 17–19) In support of this allegation, Williams claims that a female JTP applicant without clerical experience was assigned to a clerical position and that another female JTP applicant was assigned a clerical position after Williams had been told that no such positions were available. (*Id.* at 18–19) Williams further claims that a male JTP worker who owed child support received

an additional year on his contract, while Williams did not. (*Id.*) In addition, Williams alleges that he was told by Parks Department personnel that he was denied the clerical position because of his criminal record, which includes thirteen misdemeanor offenses. (*Id.* at 17)

On July 13, 2009, Williams filed a complaint with the New York State Division of Human Rights ("NYSDHR") alleging that Defendants violated the NYSHRL by discriminating against him on the basis of his sex, marital status, and criminal record. (*See* Cmplt. at 20–22) Defendants filed an answer denying Williams' allegations. (*Id.* at 5–8) Williams submitted a "rebuttal" to Defendants' answer on October 2, 2009. (*Id.* at 16–19) On August 23, 2011, the NYSDHR dismissed Williams' complaint, finding that there was no probable cause to believe that Defendants had discriminated against Williams. (*Id.,* at 20–22) On October 5, 2011, the Equal Employment Opportunity Commission ("EEOC") adopted the findings of the NYSDHR and issued Williams a "right to sue" letter. (Cmplt. at 4)

Williams filed his complaint in this action on January 4, 2012. (Dkt. No. 2)

## DISCUSSION

### I. PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS ARE BARRED BY THE ELECTION OF REMEDIES DOCTRINE

■ Defendants argue that Williams' NYSHRL and NYCHRL claims are barred by the election of remedies provisions of those statutes. (Def. Br. 17–19) "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). "A plaintiff

asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citing *Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir.1996)).

■■■ "Generally, the remedies of administrative review through the Human Rights Division or judicial review are *mutually exclusive.* . . . '[O]nce a complainant elects the administrative forum by filing a complaint with the Division of Human Rights, a subsequent judicial action on the same complaint is *generally barred.'"* *Moodie v. Fed. Reserve Bank of New York,* 58 F.3d 879, 882–83 (2d Cir. 1995) (quoting *Marine Midland Bank v. New York State Div. of Human Rights,* 75 N.Y.2d 240, 245, 552 N.Y.S.2d 65, 551 N.E.2d 558 (1st Dep't 1989)) (emphasis in *Moodie* ).

The NYSHRL and the NYCHRL provide that an individual who files a complaint with either the NYSDHR or the New York City Commission on Human Rights (the "Commission") waives his right to sue in court. Section 297(9) of the NYSHRL provides in relevant part:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . unless such person ha[s] filed a complaint hereunder or with any local commission on human rights . . . provided that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

N.Y. Exec. Law § 297(9).

Similarly, Section 8–502(a) of the NYCHRL provides in pertinent part:

> Except as otherwise provided by law, any person claiming to be aggrieved by an unlawful discriminatory practice as defined in chapter one of this title or by any act of discriminatory harassment or violence as set forth in chapter six of this title shall have a cause of action in any court of competent jurisdiction . . . unless such person has filed a complaint with the city commission on human rights or with the state division of human rights with respect to such alleged unlawful discriminatory practice or act of discriminatory harassment or violence.

N.Y.C. Admin. Code § 8–502(a).

■■■ "Thus, both the NYSHRL and the NYCHRL require dismissal of a suit in court if the complainant lodges a complaint with *either* the SDHR or the Commission. This bar applies in federal as well as state court." *Higgins v. NYP Holdings, Inc.,* 836 F.Supp.2d 182, 187 (S.D.N.Y.2011) (emphasis in original) (citing *York v. Ass'n of the Bar of the City of New York,* 286 F.3d 122, 127 (2d Cir.2002)). "The election of remedies bar is jurisdictional, such that claims dismissed pursuant to it must be dismissed under Fed.R.Civ.P. 12(b)(1) rather than 12(b)(6)." *Id.* (citing *Moodie,* 58 F.3d at 882). "The election of remedies bar also precludes consideration of any claim—whether brought under the NYSHRL or the NYCHRL—arising out of the same incident on which [plaintiff's] SDHR complaint was based." *Id.* at 188. Accordingly, Williams's claims are barred "if they are based on the same operative events he presented to the SDHR." *Id.* at 189 (citing *Jackson v. New York State Dep't of Labor,* 709 F.Supp.2d 218, 224–25 (S.D.N.Y.2010)).

Here, the allegations in Williams's Complaint and the allegations he asserted before the NYSDHR are based on the same operative facts and arise from the same

events. Indeed, Williams's Complaint in this action relies for the most part on submissions he made to the NYSDHR.

Although neither side has submitted Williams' NYSDHR complaint to the Court, the NYSDHR's dismissal order makes clear that Williams made the same allegations in that proceeding that he makes in the instant complaint. Before the NYSDHR, he alleged that Defendants had discriminated against him based on his sex, marital status, and criminal record, and that he was denied a clerical position and was instead assigned a maintenance position because of his sex and criminal record. (Cmplt. at 17–20) He also alleged that he has "a certificate proving competence with computers and clerical experience," and that two female JTP workers, who are less qualified than him, were assigned clerical positions. (Id. at 21) In addition, Williams claimed that he was discriminated against because of his marital status, because "people who owed child support received an additional year on their contracts," while Williams did not. (Id.) Williams further claimed that Parks Department personnel told him that he was denied the clerical position because of his criminal record. (Id. at 17)

■ Williams makes these same claims in the instant complaint. Even if his claims were not precisely the same, "[c]laims need not be identical in order to be barred by the state or city election of remedies provisions. . . . A '[c]laimant cannot avoid the jurisdictional bar by merely adding additional elements of damage arising out of the same underlying conduct [or] by changing his legal theory.'" *Rosario v. New York City Dep't of Educ.*, No. 10 Civ. 6160(DLC), 2011 WL 1465763, at *2 (S.D.N.Y. Apr. 15, 2011) (citing and quoting *Bhagalia v. State,* 228 A.D.2d 882, 644 N.Y.S.2d 398, 399 (3d Dep't 1996)); *see also Saunders v. New York City Dep't of*

*Educ.,* No. 07 CV 2725(SJF)(LB), 2010 WL 2816321, at *8 (E.D.N.Y. July 15, 2010) ("Moreover, the doctrine [of election of remedies] 'is not limited to the precise claims brought in the administrative proceeding, but extends to all claims arising out of the same events.'") (quoting *Wiercinski v. Mangia 57, Inc.,* No. 09–CV–4413(ILG), 2010 WL 2681168, at *2 (E.D.N.Y. July 2, 2010)).

Here, Williams elected his remedy by filing a complaint with the NYSDHR, which rejected his claims. (Cmplt. at 20–22) Accordingly, Williams's NYSHRL and NYCHRL claims must be dismissed unless an exception to the election of remedies doctrine applies.

■ Courts recognize two exceptions to the election of remedies doctrine. "First, where a complaint filed with the administrative agency is dismissed for administrative convenience rather than on the merits, a plaintiff is not barred from filing a lawsuit in federal court." *Henriquez v. Starwood Hotels Resorts Worldwide, Inc.,* No. 08 Civ. 7666(RO), 2011 WL 4526143, at *3 (S.D.N.Y. Sept. 29, 2011) (citing *Skalafuris v. City Univ. of New York,* No. 09 Civ. 5693(SAS), 2010 WL 1050299, at *2 (S.D.N.Y. Mar. 22, 2010)). This exception is not applicable, because Williams' NYSDHR complaint was dismissed on the merits. (Cmplt. at 20–22)

■ "The second exception to the election of remedies doctrine applies when a claim is filed directly with the EEOC rather than with the SDHR, and is only thereafter filed with the SDHR by the EEOC in accordance with Title VII requirements that all complaints filed with the EEOC be referred to the local agency." *Id.* at *3 (citing *Alston v. Microsoft Corp.,* No. 08 Civ. 3547(DC), 2009 WL 1116360, at *4 (S.D.N.Y. Apr. 27, 2009)). This exception is likewise inapplicable, because Williams

filed his complaint with the NYSDHR directly. (Cmplt. at 4) Accordingly, Williams's NYSHRL and NYCHRL claims will be dismissed.

## II. *PLAINTIFF'S TITLE VII CLAIMS ARE TIME-BARRED*

▨ Defendants argue that Williams' Title VII claims are time-barred, because "the placement decision by the Parks Department ... occurred over 300 days from the date that the NYSDHR complaint was filed." (Def. Br. 16–17) A charge of discrimination under Title VII must be filed with the agency charged with investigating such matters within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e)(1). "The filing deadlines for a charge of discrimination act as a 'statute of limitations' and a failure to timely file a charge acts as a bar to a plaintiff's action." *Kubicek v. Westchester Cnty.*, No. 08–CV–372(KMK), 2009 WL 3720155, at *4 (S.D.N.Y. Oct. 8, 2009) (quoting *Hill v. Citibank Corp.*, 312 F.Supp.2d 464, 473 (S.D.N.Y.2004)). However, where "an act contributing to the claim occurs within the filing period, the entire time period of the [claim] may be considered by a court for the purposes of determining liability." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *see also Nicoletti v. N.Y. City Dep't of Educ. Office of Legal Servs.*, No. 08 Civ. 11305(WHP), 2009 WL 4756508, at *2 (S.D.N.Y. Dec. 7, 2009).

Here, Williams filed his NYSDHR complaint on July 13, 2009. (*See* Cmplt. at 20) Accordingly, only claims based on conduct that took place between September 16, 2008—300 days prior to July 13, 2009—and July 13, 2009 were timely filed. Although Williams does not plead when the allegedly discriminatory conduct took place, the documents attached to the Complaint make

clear that the alleged discriminatory conduct about which Williams complains—Defendants' failure to assign Williams to a clerical position—occurred on August 4, 2008. (*Id.* at 7, 16) Furthermore, the conduct complained of was a discrete act and not of a continuing nature. As such, the 300–day limitations period began to run on August 4, 2008, and expired before July 13, 2009. *See Morgan,* 536 U.S. at 114, 122 S.Ct. 2061 ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.' Morgan can only file a charge to cover discrete acts that 'occurred' within the appropriate time period."); *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 75 (2d Cir.2010) ("With respect to claims based on 'termination, failure to promote, denial of transfer, or refusal to hire,' section '2000e–5(e)(1) "precludes recovery for *discrete* acts of discrimination or retaliation that occur outside the statutory time period," even if other acts of discrimination occurred within the statutory time period.'") (quoting *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 220 (2d Cir.2004) (quoting *Morgan,* 536 U.S. at 105, 122 S.Ct. 2061)) (emphasis in *Patterson*); *Matthews v. Corning Inc.*, 737 F.Supp.2d 133, 135 (W.D.N.Y.2010) ("The 300–day limitation period begins to run, for each discrete act of alleged discrimination or retaliation, on the date that the act—such as termination, failure to promote, or refusal to hire—takes place."); *Manko v. Deutsche Bank,* 554 F.Supp.2d 467, 476 (S.D.N.Y.2008) (same).

▨ Because the August 4, 2008 denial of a clerical position took place more than 300 days before Williams' July 13, 2009 NYSDHR complaint was filed, his Title

VII claim based on this allegedly discriminatory act is time-barred.[3]

## III. *LEAVE TO RE–PLEAD*

 Although Williams has not requested leave to re-plead, the Court has considered whether he should be given an opportunity to do so. The Second Circuit has admonished that courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000) (internal quotation marks and citation omitted). However, a court may decline an opportunity to re-plead "when amendment would be futile." *Tocker v. Philip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir.2006) (citing *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir.2003)).

Here, the Court finds that amendment would be futile, because the deficiencies in Williams' claims are not a result of "inadequate[ ] or inartful[ ]" pleading, *Cuoco*, 222 F.3d at 112, and are not susceptible to cure. Williams's NYSHRL and NYCHRL claims are barred by the election of remedies doctrine, and his Title VII claim is time-barred. These obstacles cannot be overcome through re-pleading.

### *CONCLUSION*

For the reasons stated above, Defendants' motion to dismiss is granted. The Clerk of Court is directed to terminate the motion (Dkt. No. 14) and to close this case. The Clerk will mail a copy of this order by certified mail to *pro se* plaintiff Dwight

Andre Williams, 86 Mother Gaston Blvd., Apt. 1F, Brooklyn, New York 11233.

SO ORDERED.

---

**3.** Even if Williams' Title VII claim were not time-barred, dismissal would be appropriate to the extent that claim is based on a theory of discrimination tied to Williams' criminal record. Title VII does not address discrimination based on a criminal record. *Tubbs v.*

*NYC Parks Dep't (JTP) Parks Opportunity Arsenal W.*, No. 12–CV–3322 (CBA)(VMS), 2012 WL 4838439, at *1 (E.D.N.Y. Oct. 10, 2012) ("The failure to hire based on a prior record of arrest or conviction is not one of the protected classes under Title VII . . . .").